## INSURANCE COMPANY *v*. LEWIS.

The statute of Missouri of 1868 (1 Wagner's Stat., ed. 1872, p. 122, sect. 8) does not authorize a suit by a public administrator in that State against a foreign insurance company doing business there, to enforce the payment of a policy of insurance, not made or to be executed in that State, upon the life of a citizen of Wisconsin, who neither resided, died, nor left any estate in Missouri.

ERROR to the Circuit Court of the United States for the Eastern District of Missouri.

The facts are stated in the opinion of the court.

*Mr. Everett W. Pattison* for the plaintiff in error.

*Mr. J. D. S. Dryden*, *contra*.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was commenced in the Circuit Court of St. Louis County, Missouri, by Lewis, the defendant in error, as public administrator of that county, upon a policy of insurance dated July 30, 1873, whereby the Union Mutual Life Insurance Company of Maine agreed to insure the life of William S. Berton, "of Milwaukee, County of Milwaukee, State of Wisconsin," in the sum of $5,000, payable three months after due

proof of death, to his executors, administrators, or assigns. The case was removed for trial into the Circuit Court of the United States for the Eastern District of Missouri, where a verdict and judgment were rendered against the company. A new trial and motion in arrest of judgment having both been denied, the present writ of error is prosecuted by the company.

A preliminary question is presented as to the right of the defendant in error, as public administrator of St. Louis County, Missouri, to maintain any action whatever upon the policy sued on. His authority in the premises is claimed to exist under a Missouri statute of 1868, which was in force when this action was instituted. That statute makes it " the duty of the public administrator to take into his charge and custody the estates of all deceased persons in his county, in the following instances: *First*, When a stranger dies intestate in the county, without relatives, or dies leaving a will, and the executor named is absent, or fails to qualify; *second*, when persons die intestate, without any known heirs; *third*, when persons unknown die, or are found dead, in the county; *fourth*, when money, property, papers, or other estate are left in a situation exposed to loss or damage, and no other person administers on the same; *fifth*, when any estate of any person who dies intestate therein or elsewhere is left in the county liable to be injured, wasted, or lost, when said intestate does not leave a known husband, widow, or heir in this State; *sixth*, when from any good cause said court shall order him to take possession of any estate to prevent its being injured, wasted, purloined, or lost." 1 Wagner's Stat., ed. 1872, p. 122. The same statute requires the public administrator, immediately upon taking charge of any estate, for the purpose of administering the same (except that of which he shall take charge under the order of the proper court), to file a notice of such fact in the clerk's office of the court having probate jurisdiction. Id. p. 123.

On 17th September, 1875, the defendant in error, as public administrator, filed in the clerk's office of the Probate Court of St. Louis County a notice, addressed to the judge of that court, informing creditors and all other persons interested in the estate of William S. Berton, "late of the county of St.

Louis," that he had, on that day, taken charge of such estate, for the purpose of administering the same; and immediately thereafter, on the same day, commenced this action in the Circuit Court of that county, without making and presenting proofs of loss, or giving the company previous notice of his administration, or that he, as such administrator, asserted any claim under the policy. These steps were taken, as was conceded on the trial below, " for the sole purpose of administering upon and collecting the policy in suit." It also appears that Berton, at the date of the policy, and at his death, which occurred on 31st March, 1874, was a resident of Milwaukee and a citizen of Wisconsin ; that he died in that city, and had not at any time resided in the State of Missouri ; that he left no money, property, papers, or other estate in Missouri ; that the policy sued on was found among his papers after his death ; that on 5th June, 1874, administration upon his estate was granted by the County Court of Milwaukee County, Wisconsin, to Benjamin K. Miller ; that the defendant in error was never ordered by the Probate Court of St. Louis County, or any other court, to take charge of Berton's estate.

The bare statement of these facts, which are admitted or are clearly proven, is enough to show an absolute want of authority in Lewis to take charge of or administer the estate of Berton. His collection, by suit, of the amount, if any, due from the company upon the policy sued on, or any administration by him, in his capacity as public administrator, of Berton's estate, would be acts of palpable usurpation. The notice filed by him in the clerk's office of the Probate Court was ineffective for any purpose, although it contained the false recital that Berton was " late of the county of St. Louis." Such a notice was required only when he took charge of an estate upon which he could legally administer. No judgment rendered in this action, upon the merits, could protect the company against a future suit by the proper representatives of Berton's estate. This would not be the case if Lewis's claim to administer that estate had any sound foundation upon which to rest. It was not the purpose of the statute to authorize a suit by a public administrator in Missouri against a foreign corporation doing business there, upon a contract, not made or to be executed in

that State, with a citizen of another State who neither resided nor died, nor left any estate, in Missouri. Without discussing the validity of any local statute framed for such purposes as are imputed, by this action, to the Missouri statute of 1868, it is sufficient to say that the present case is not within that statute, according to any reasonable interpretation of its provisions.

It is claimed, however, that this view cannot be sustained without questioning the authority of the public administrator in a collateral proceeding. In support of that position we are referred to *Wetzell* v. *Waters*, 18 Mo. 396; *Riley's Adm'r* v. *McCord's Adm'r*, 24 id. 266; *Lancaster, Adm'r*, v. *Washington Life Insurance Co. of New York*, 62 id. 121; and *Johnson* v. *Beazley*, 65 id. 250. We have not access, at this time, to the volume of reports last cited, but upon examining the other cases we find nothing which, in any degree, militates against the views we have expressed. In the case in 18 Mo. a judgment, by default, had been taken, and the question was presented, upon appeal, whether it was incumbent upon the public administrator, in whose favor the judgment was rendered, to state in his pleadings, or to prove, as a condition precedent to recovery, the facts which authorized him to take upon himself the burden of administration. It was held that it was not, and that no one but an executor, or legally appointed administrator, could dispute his authority, except in cases in which the same thing might be done in relation to private administrations. In the case in 24 Mo. it was decided that illegality in the grant of the letters of administration could not be taken advantage of in a collateral proceeding, and that they must be regarded as valid until regularly revoked.

In the case of 62 Mo. the issue was as to the fact of the death of a citizen of Missouri, whose life had been insured, and upon whose estate administration had been granted by the Probate Court of St. Louis County, which was the county of his residence. The answer admitted the appointment of the administrator, but denied the fact of death, and, upon that ground, questioned the legality of such appointment. The court held that the admissions in the pleadings and the testimony of the defendant established the fact of letters of administration having

been granted, and that such letters constituting *prima facie* evidence of the death of the person on whose estate they were issued, the burden of proof was upon the defendant to show that the assured was not dead, and consequently that administration had been illegally granted. These decisions, it is obvious, have no application to the subject under consideration. They announce no principles in conflict with those here declared. The company does not ask the revocation of Lewis's letters of administration. Its answer does not dispute the validity of his appointment as public administrator of St. Louis County. Recognizing his right to perform all the functions which, by the laws of Missouri, pertain to that office, the company, in view of the facts we have stated, simply denies that Lewis had any authority, under the statutes of that State or by virtue of his appointment as such administrator, to take charge of the particular estate in question, or assert any claim arising out of the alleged contract of insurance. If the mere assumption by Lewis of authority to that extent was sufficient *prima facie* to maintain this action, — a proposition which it is unnecessary to discuss, — the conceded and established facts show an entire absence of any such authority, and prove that the company was not bound to litigate with him, in any court whatever, its liability upon the policy sued on. The company only sought to restrict him to the discharge of his legitimate duties, and prevent him from intermeddling in matters which did not concern him as public administrator.

But it is further contended that the answer, which relied upon these objections to the action, was in the nature of a plea in abatement, and that such objections were, according to established rules of practice in the Federal courts, waived when the company answered to the merits without first having the court dispose of the issue as to Lewis's right to maintain the action. This position is, however, wholly untenable. The defence, so far as it impeached the authority of Lewis, by virtue of his appointment as public administrator, to collect the amount, if any, due on the policy, was in bar, not in abatement, of the action. The defence, if true, did not question his capacity as such administrator to perform any of the duties imposed upon him by law. It only insisted that he, as such lawfully

appointed administrator, had no cause of action against the company upon the alleged contract of insurance.

What we have said is decisive of the case, and we are consequently relieved from the necessity of inquiring whether the. policy sued on was ever delivered to or accepted by Berton, so as to be binding upon the insurance company. That question can only arise in an action against the company by one who is entitled by law to represent his estate.

The judgment will be reversed, with directions to dismiss the action without prejudice to any suit upon the policy by the proper parties in the proper forum; and it is

*So ordered.*