# JOHN R. MULLINS, Appellant, v. RIEGER.

### Division One, October 14, 1902.

1. **Jurisdiction: NO SUMMONS: APPEARANCE: GENERAL RECITAL IN JUDGMENT.** Where the sheriff's return recites that a defendant was not found, and there is no special entry of appearance by him, the court has no jurisdiction over him, and the false recital in the judgment of "now come the parties hereto by their respective attorneys," etc., did not invest the court with jurisdiction, and does not prevent the court in a subsequent action from declaring void the judgment entered against such defendant and from setting aside a sale and sheriff's deed made in pursuance to such judgment. Nor is the court barred from setting aside such judgment because the petition contains two counts, one to annul the judgment and sale, the other in ejectment for possession of the land sold under such judgment.

2. ———: ———: **GENERAL ANSWER FOR DEFENDANTS.** A general answer for defendants without naming them can not be made to include defendants who have not been duly brought into court by process, and who have not specifically entered their appearance.

3. ———: **RECITAL IN JUDGMENT RECORD: VERITY.** A recital in a judgment record that a defendant appeared does not import indisputable verity. Such recital may be contradicted by the court rolls and the oral testimony of such defendant and the attorneys for the other defendants.

4. ———: ———: ———: **RES ADJUDICATA.** A distinction is to be observed between those cases having under consideration a false recital of a jurisdictional fact in a judgment of record, and those where there was erroneous or false adjudication of a fact or facts brought forward in the case. An erroneous adjudication of a fact by a court of general jurisdiction is conclusively true. But a false recital in the judgment of a jurisdictional fact is not.

5. ———: ———: ———: **QUESTION AT ISSUE.** The doctrine of the absolute verity of a record can not apply where the want of jurisdiction of the court making the record is the question at issue.

6. ———: ———: ———: **PLEADING: COUNT IN EJECTMENT.** The record is not to be held to import absolute verity because the plaintiff in his petition couples a count to have the judgment annulled

with another count in ejectment praying for possession of land sold under the void judgment.

7. ———: NO SERVICE OR APPEARANCE: PLEADING FRAUD. It is not necessary in a suit to set aside a judgment against a defendant who was not served with process and who did not enter his appearance, to charge that the recital in a judgment that he did appear was corruptly or fraudulently induced or made. A statement of the facts showing a lack of jurisdiction constitutes ample warrant for the intervention of an equity court, regardless of the reason that may have prompted the untrue recital contained in the judgment.

8. ———: ———: EVIDENCE. The testimony of an attorney who filed a general answer for defendants without naming them, that he was not employed by a defendant upon whom no service of process was served, that he did not file an answer in his behalf and had no authority to do so, is competent evidence to contradict a recital in the judgment that said defendant appeared by attorney.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Johnson & Lucas* for appellant.

(1) There was no service of process on appellant, no entry of appearance, and the judgment is void. Hence, respondent could obtain no title at sheriff's sale, and the appellant's peremptory instruction should have been given and respondent's refused. Black on Judgments (1 Ed.), secs. 170, 171, 215, 216, 218 and 220; Fithian v. Monks, 43 Mo. 502; 2 Ency. Pleading and Practice, 640, 691; Abbott v. Shepard, 44 Mo. 273; Janney v. Speddin, 38 Mo. 395; Smith v. McCutchen, 38 Mo. 415; Latimer v. Railroad, 43 Mo. 105; Morrison v. Herrington, 120 Mo. 665. (2) The appearance recited in the judgment is limited to persons actually made parties in the manner provided by law, and does not extend to one simply named as a party, but whom the record as a whole shows was in fact not a party. 2 Ency. Pleading and Practice, 600; Bell v. Brinkman, 123 Mo. 280; Gardner v.

Hill, 29 Ill. 277. (3) A void judgment may be assailed in a collateral proceeding. McNair v. Biddle, 8 Mo. 257; Abbott v. Shepard, 44 Mo. 273; Higgins v. Peltzer, 49 Mo. 152; Railway v. Reynolds, 89 Mo. 146. (4) Want of jurisdiction may be shown by parol evidence. Eager v. Stover, 59 Mo. 87; Barlow v. Steele, 65 Mo. 611; Napton v. Leaton, 71 Mo. 358; Bradley v. Welsh, 100 Mo. 268. (5) The doctrine of absolute verity of a record does not apply when the want of jurisdiction is made a question. This may always be set up when a judgment is sought to be enforced or any benefit claimed under it; and this is not inconsistent with the principle which ordinarily forbids the impeachment or contradiction of a record. Fitzhugh v. Carter, 4 Tex. 391; Thouven v. Rodingus, 24 Tex. 468; Putnum v. Mann, 3 Wend. 202; Needham v. Thayer, 147 Mass. 536; Martin v. Gray, 17 Kan. 458; Doger v. Richardson, 25 Ga. 90; Fesjum v. Crawford, 70 N. Y. 253; Shelton v. Teffer, 6 How. 163. (6) Conceding that the judgment could not be attacked in a collateral proceeding, then the finding should have been for appellant on the first count in the petition, and the sale set aside and deed declared void. Momsin v. Herrington, 120 Mo. 655; McCullum v. Boughton, 132 Mo. 621; Regbum v. Mitchell, 106 Mo. 365.

*Edward C. Wright* for respondent.

(1) The judgment in this case was not void. Freeman on Judgments (4 Ed.), sec. 116; Childs v. Shannon, 16 Mo. 331; Landes v. Perkins, 12 Mo. 254; Landes v. Brant, 10 How. (U. S.) 371. (2) (a) This suit is a collateral attack upon the judgment under which the land was sold. Brooks v. Powell, 29 S. W. (Tex.) 809; Crawford v. McDonald, 83 Tex. 626; Young v. Watson, 155 Mass. 77, 28 N. E. 1135; Brigot's Heirs v. Brigot, 47 La. Ann. 1304, 17 So. 825; Shryock v. Beckman, 121 Pa. St. 248; Bonnifield v. Thorpe, 71 Fed. 924; Choteau v. Nichols, 20 Mo. 448; Kane v. Mc-

Cown, 55 Mo. 181; Cochran v. Thomas, 131 Mo. 258; State v. Barry, 9 Mo. App. 42; Lingo v. Burford, 112 Mo. 149; Gott v. Powell, 41 Mo. 420; Van Camp v. Smith, 65 Mo. 536; Bradley v. Welsh, 100 Mo. 258; Lilliebridge v. Ross, 59 Mo. 217; Young v. Watson, 155 Mass. 77; Brown v. Nichols, 42 N. Y. 26.   (b) The judgment being admittedly regular upon its face, and not being void, can not be attacked collaterally for matters not appearing upon the record.   Bateman v. Miller, 118 Ind. 345; Freeman on Judgments (4 Ed.), sec. 134; Potter v. McClanahan, 52 Ala. 55; Ziegler v. Shows, 78 Pa. St. 357; Sachse v. Clingingsmith, 97 Mo. 406; Myers v. McRae, 114 Mo. 377.   (3) Want of authority in an attorney is never ground for attacking a judgment collaterally, and even if on proper proceedings the judgment rendered upon an unauthorized appearance of an attorney should be set aside, the rights of a stranger to the record as in this case the defendant is, will not be affected.   Osborne v. Bank, 9 Wheat. 738; Ferris v. Bank, 158 Ill. 237, 41 N. E. 1118; Abbott v. Dutton, 44 Vt. 546; White v. Crow, 17 Fed. 99; Cochran v. Thomas, 131 Mo. 258; Lingo v. Burford, 112 Mo. 149; Baker v. Stonebraker, 34 Mo. 172; Kane v. McCown, 55 Mo. 196; Warren v. Lusk, 16 Mo. 113; Heath v. Railroad, 83 Mo. 617; Decker v. Armstrong, 87 Mo. 316; Brecht v. Corby, 7 Mo. App. 300; R. S. 1899, secs. 4921, 649; England v. Garner, 90 N. C. 197; Williams v. Johnson (N. C.), 17 S. E. 496; Kenyon v. Schreck, 52 Ill. 328; Reeve v. Kennedy, 43 Cal. 643; Dickinson v. Trenton, 33 N. J. Eq. 63; Mark v. Mathews, 50 Ark. 338; Schmidt v. Niemeyer, 100 Mo. 207; Jones v. Hare, 60 Mo. 364; Macklin v. Allenberg, 100 Mo. 337; Bagley v. Sligo Co., 120 Mo. 248; Jones v. Talbot, 9 Mo. 124; Coleman v. McAnulty, 16 Mo. 173; Fithian v. Monks, 43 Mo. 502.

ROBINSON, J.—This is an action in two counts.   The purposes of the first count are to have the court declare void

a judgment against plaintiff in a prior proceeding, wherein he was named as one of the defendants, and to have set aside and for naught held a sheriff's deed to certain lands therein named, made by the sheriff at a sale under an execution issued upon said alleged void judgment, and to have removed the cloud cast upon the title of plaintiff's land by said sheriff's deed. The second count is in ejectment for the possession of the land named in said sheriff's deed.

In the first count of plaintiff's petition is set out the names of all the parties plaintiff and defendant in the proceeding which resulted in the judgment against him, and which, by this proceeding, is sought to be annulled, and who of the defendants were served and who not served. It is also alleged that no process in that action was ever issued for this plaintiff, and that none was ever served upon him, and that he did not enter his appearance therein either in person or by attorney, and that no answer was filed therein by him or on his behalf; that in said action against himself and others an answer was filed in behalf of some of the defendants, but that he did not authorize the filing of same, nor did he employ the attorney for that purpose, nor did said attorneys intend, by filing of said answer, to enter the appearance of this plaintiff or plead for him in said action, and did not in fact enter his appearance or make a plea in his behalf.

The petition also contained an averment to the effect that as soon as plaintiff learned of the sale of his land and its purchase by the defendant herein, he offered to refund to him the sum of fifty dollars (the amount paid by defendant for the property at execution sale) and any additional sum by way of expenses that he might have been to in the premises, and that the defendant refused to accept same, but asserted that he was the owner of the property and entitled to its use and enjoyment and refused to recognize plaintiff's claim thereto. A renewal of the tender of the money in court was also made by plaintiff.

The answer of the defendant in this suit joins issue with the plaintiff in all these averments of fact, and states that on September 21, 1895, he purchased the real estate mentioned in plaintiff's petition at sheriff's sale for the price of fifty dollars, which he paid to the sheriff and took a deed therefor. Defendant further avers that at the time he purchased said real estate and paid his money to the sheriff and took the sheriff's deed for the land, he had no notice whatever of the alleged claim that plaintiff now sets up, and had no reason to believe or suspect that plaintiff had any claim or equity whatsoever, but verily believes that the sheriff in offering said property for sale had the legal and equitable right to sell and convey said real estate to the purchaser who might at said sheriff's sale buy said land; that said sale was in all respects conducted according to law, and was fair and open; that in all respects, defendant relied upon the judgment of the circuit court of Jackson county, under which the sheriff's sale of the land was made, and that he acted in the utmost good faith without any notice whatever of the plaintiff's alleged right and without any intention on his part to defraud the plaintiff herein.

At the trial, the plaintiff in this action testified that he knew nothing of the proceedings against himself and others that resulted in the judgment under which his land was sold, and knew nothing of the sale of his land until just a short time before the institution of this suit two years and more after the sale had been made; that he was never served with process in the case of John Keenan v. William C. Mullins and others, that he never appeared therein and filed answer and that he never authorized or employed any one else to appear for him or file an answer in his behalf in that case. The attorney who prepared and filed the answer in that case also testified that he had no authority to file an answer for this plaintiff in that suit, and that he did not undertake to file one for him, and did not so file an answer for plaintiff.

The record in the case of Keenan v. Mullins and others was also offered in evidence. On the back of the summons issued in that case, the following return of service by the sheriff was made:

"Executed this writ in Jackson county, Missouri, on the 22d day of December, 1891, by delivering a copy of this writ, together with a copy of the petition hereunto attached, to the within named defendant, R. H. Hamilton, he being the first defendant served. And further executed this writ on the same day by delivering a copy of this writ to the within named defendant, J. R. Hannan. And further executed this writ on the . . . . . day of December, 1891, by making diligent search for but failed to find the within named defendant John R. Mullins.

"Wm. S. Sitlington, Sheriff.
"T. H. Gattnu, D. S."

The answer filed in that case was also offered in evidence, and is in the following language: ·

"In the Circuit Court, April Term, 1893.

"State of Missouri, Jackson County, ss.

"John Keenan

vs.

"William C. Mullins.

"Now comes the defendant and for answer to the petition of plaintiff herein says: They allege that the cost bond referred to in plaintiff's petition was signed by him or by his attorney; they admit that they are taking steps to enforce the collection of the costs adjudged against plaintiff as surety on said bond.

"They deny each and every allegation in the petition not herein expressly admitted. Wherefore, defendants pray that said injunction be dissolved, said suit dismissed, and that

such other orders be made in the premises as the court may deem just and proper, and for costs.

"FYKE & HAMILTON,
"Attorneys for Defendants."

No other process was ever issued in the case, except the original summons, on the back of which appeared the return quoted above. Upon this showing of facts the court entered the following judgment:

"Tuesday, April 10, 1894.

"John Keenan, Plaintiff,

v.

"Wm. C. Mullins, John R. Mullins, R. H.
Hamilton and J. R. Hannon, Defendants.

"Now comes the parties hereto by their respective attorneys, and all and singular the matters herein being heard and considered, the court does find the issues herein in favor of the plaintiff and that plaintiff is entitled to the relief prayed for.

"Thereupon in open court come defendants R. H. Hamilton and John R. Hannon, and enter their disclaimer herein. Thereupon it is considered, ordered and adjudged that the temporary injunction herein be made perpetual. That the judgment heretofore rendered by the circuit court of Jackson county, Missouri, at Kansas City, in case number 8221, wherein John Crane and others were plaintiffs and the defendants herein were defendants, be, in so far as such judgment adjudges the plaintiff herein with the payment of the costs of that action, decreed null and void and be set aside, and that defendants, their agents and attorneys, be perpetually enjoined from attempting to enforce such portion of that judgment.

"It is further considered, ordered and adjudged, that plaintiff have and recover of defendants William C. Mullins

and John R. Mullins, his costs in this behalf, laid out and expended and have execution therefor."

It was under an execution issued upon this judgment that appellant's property was sold and purchased by the respondent in this case. At the conclusion of the testimony in the present case the plaintiff prayed the court to give a peremptory instruction in his behalf, and defendant on his part requested a like instruction in his behalf. The court refused plaintiff's and gave defendant's instruction, and the case was brought here by plaintiff, as appellant.

From the record before us we think the discussion on this appeal has taken a much wider range than the situation calls for. We have been favored with the most interesting and elaborate arguments, with citations of numerous authorities in support thereof upon the question as to the effect of an unauthorized appearance by an attorney for a defendant against whom a judgment had been rendered, but in our opinion that question is of little or no concern to the disposition of the case now before us. Notwithstanding the recitation in the judgment, "Now come the parties hereto by their respective attorneys, and all and singular the matters herein being heard and considered," etc., etc., when the entire court roll is examined, it is readily seen that this recitation is erroneous; that in fact, no appearance was made nor attempted to be made by anyone, purporting to act as the attorneys for the plaintiff herein, in the suit of John Keenan v. William Mullins and others, wherein the judgment against this plaintiff (who was one of the defendants in that suit) was rendered and under which judgment defendant's land was sold. The court roll shows that the firm of attorneys, Fyke & Hamilton, did at the April term, 1893, of the Jackson Circuit Court, file the answer copied above, for the defendant in the suit of John Keenan vs. William C. Mullins et al., who were served with process, but that answer nowhere purports to be for and in be-

Vol 169 mo—34

half of this plaintiff, as one of the defendants in that suit, but merely for the defendants without naming them. Both this plaintiff and the attorney who filed the answer in the case of John Keenan v. William C. Mullins et al. testified that this plaintiff never in fact appeared in that suit, as one of the defendants, and that he never filed an answer, nor did he in fact authorize an answer to be filed for or in his behalf. This testimony was not denied by anyone.

The court roll in the case of John Keenan v. William C. Mullins et al. disclosed the further fact (as appears from the return of the sheriff upon the summons issued in that case) that the defendants Hamilton and Hannon alone were served, and that after diligent search made, the sheriff failed to find the within-named defendant, John R. Mullins (the plaintiff in this action) in his county. This brings us then to the consideration of the question, as to who in a general recitation in a judgment, as in this case, "Now comes the parties hereto by their respective attorneys," etc., etc., is to be comprehended, when upon the face of the return on the summons in the case, all the defendants named in the suit had not been served with process.

Respondent contends that this general recital of the defendant's appearance in the judgment, must be held and treated as conclusive evidence of that fact, and that in this independent collateral proceeding, its verity can not be questioned to discredit the force of the judgment as made and entered therein. Appellant upon the other hand contends that this recital in the judgment is to be considered more as a formula adopted by the clerk in writing up the judgment, than as a solemn finding by the court upon that fact, in view of the positive showing of the court roll that this plaintiff, John R. Mullins, in that suit did not in fact appear; that the recital in the judgment, "Now come the parties hereto by their respective attorneys," etc., etc., should be interpreted to mean that only those parties appeared and filed answers who

had been brought into court by its process duly served upon them. As said above, the court's jurisdiction of the defendant John R. Mullins in the case of John Keenan v. William C. Mullins et al. was not had by service of process upon him. The return upon the summons shows that fact; and if jurisdiction was ever acquired to authorize the judgment rendered, it must have been by the answer filed in that case by the attorneys, Fyke & Hamilton, who alone filed an answer for anyone.

When we look to the answer there filed, we see that it is not an answer by Fyke & Hamilton, for the defendant, John R. Mullins, entering his voluntary appearance to make answer to the charges and allegations of plaintiff's petition in a suit in which he had not been served with process; but it was an answer for the defendants without naming them, which could not mean more than those defendants who had been duly brought into court, and who were required to make answer by reason of the court's authority over then on account of the court's process served (and of these John R. Mullins was not one). Without a special entry of appearance in the suit, by John R. Mullins in person or by attorney, in that he was not served with the court's process, the court had no authority over him, and the mere erroneous or false recitation in the judgment, that he did so appear, would not give to the court an authority, which before the assertion it did not possess, or invest it with jurisdiction to render a valid judgment against the defendant, John R. Mullins, which, without the existence of the fact recited, it was wanting in authority to do.

Nothing can be more illogical or wanting in judicial force, than the contention made by the respondent and supported seemingly by some judicial dicta, that a judgment against a party under which his property has been sold, must be held and treated as an indisputable record on the question of his appearance in the case wherein the judgment sought

to be annulled was rendered because the judgment in that case recites the fact that the defendant did so appear, and in the next place says that the judgment is an indisputable record because he did appear.

MARCY, J., in Starbuck v. Murray, 5 Wend. 148, to illustrate and at the same time to emphasize the unreasonableness of such a position, thus states the rule: "The appearance makes the record indisputable verity and the record makes the appearance an indisputable fact," which is sophistry complete, and if indulged in, makes a judgment a judicial web into which if by chance a citizen falls, he is inextricable, his constitutional right to a day in court to the contrary notwithstanding. Or, stated otherwise, the position of respondent resolves itself to this: The court creates a defendant's day in court, by the mere recital of the fact in its record, and the recited fact becomes an indisputable verity because it is the record of a court.

Such reasoning ignores the foundation upon which rests the right in any court to render a binding judgment against the citizen where his rights or his property is to be affected. Defendant must have had his day in court, that a valid and binding judgment against him may be entered, and maintained, notwithstanding the presumptions to be indulged in favor of the verity of judgments.

The doctrine of absolute verity of a record can not apply where the want of jurisdiction of the court making the record sought to be annulled is the very question put in issue by the proceedings, and this is none the less true, because, as in this case, the plaintiff has joined in his petition to annul a judgment and to set aside a sale of land made thereunder a count in ejectment for the possession of the land sold under said erroneous judgment, in the consideration of the issues under which last count standing alone the absolute verity of the judgment in question might not properly be assailed, according to the authorities cited.

If the court had no jurisdiction over this plaintiff (the defendant in the suit of Keenan v. Mullins et al.) it had no power to make the record as set out in the judgment under which plaintiff's land was sold, and the proposed record is not in truth and fact an absolute verity as against the plaintiff in the present proceeding; and further, it is not necessary that the allegations of a petition, seeking to have declared void, set aside, annulled, or for naught held, a judgment so entered against a defendant, where he was neither served with notice of the suit against himself, and where notwithstanding the want of legal notice he neither appeared nor authorized the entry of his appearance therein, charge that the recitals of appearance in the judgment was corruptly or fraudulently induced or made, as contended for herein. For though the clerk may not have fraudulently made the entry in the judgment reciting the appearance of the defendant by his attorneys, in the sense that he intended the commission of a willful wrong, yet if he did it mistakenly (as was evidently done in the case in question, by treating the answer that was filed for the defendants without naming them, to include all defendants named in the petition, instead of the answer for those only who were in court by reason of its process duly served upon them, and of whom answers were required) the effect is the same to a defendant who is threatened with the loss of his property by the existence of the false recital. Though fraud in direct terms is not charged against anyone in the procurement of the judgment sought to be declared void by this proceeding, the facts and circumstances under which the judgment was entered are set out in the first count of plaintiff's petition, and those facts constitute ample warrant for the equitable intervention of the court, to set aside, declare void, or in anywise to stay the force of the judgment so entered, regardless of the reason that may have prompted the untrue recital found therein, and without regard to the question whether or not actual intentional fraud was charged

to anyone in procuring or causing the untrue recital to be so made.

In view of the general practice by our circuit courts to permit the clerks thereof to make up the formal recitations set out in their judgments, such as, who of the parties to a suit were served with process, and who of the parties have made his or their voluntary appearance thereto, from the papers in the clerk's custody, and the court's acceptance of such recitals so made up by the clerk, as the fact appearing from the court roll without a personal examination of the roll itself by the court, it would be most dangerous to say, that a record thus made up showing that due notice had been given to a defendant of the commencement of an action against himself or that he had appeared by attorney and filed an answer therein, should be held conclusive against an offer to show a contrary state of facts, either by the court roll itself, or by facts independent of the court roll.

Recognizing the general presumption to be indulged in favor of a judgment of a court of general jurisdiction, where its jurisdiction over the parties to, and of the cause in which it has acted is not questioned, still that presumption is of no avail as an absolute conclusion, against a party offering in an independent proceeding, to show facts and circumstances which go to the impeachment of the court's assumed and presumed jurisdiction in the particular case assailed, either by the court roll itself or by facts *aliunde* the roll.

In the consideration of this case respondent has failed to note the distinction between those cases having under consideration a false recital of a jurisdictional fact in a judgment record, and those having for determination the question of an erroneous or false adjudgment of a fact or facts in the case by the court.

The latter in the very nature of things is and must be held not only presumptively true, but must be conclusively so

Mullins v. Rieger.

held and treated at all times (except on appeal), otherwise there would be no final settlement of disputed controversies.

As said, the case before us now for determination, does not involve the consideration of the validity of a judgment, where the parties have once been before the court, or the rights of a third party who has purchased property on the strength thereof that was entered against a defendant upon a false or mistaken return, showing that the defendant had been properly brought before the court; nor does it involve the validity of a judgment entered against a defendant upon an appearance by an unauthorized attorney, nor are we called upon to consider a case where a defendant's appearance has been procured or induced by some fraudulent practice or deception, which gave to the court the appearance of jurisdiction to render the judgment entered, but the facts before us present a case wherein the recitals in the judgment as to the appearance of the defendant in the proceedings wherein the judgment was rendered, is wholly without support from the court roll or elsewhere; and further where it is manifest at a glance, that the record made was the result of a mistaken interpretation of the meaning of an answer that had been filed for and in behalf of other defendants in the case, but of which this plaintiff (as defendant in that suit) knew nothing, and in which proceeding he took no part whatever.

Nor is the point made by appellant here that the attorneys Fyke & Hamilton might not have appeared for him and filed an answer in his behalf in the case of Keenan vs. Wm. C. McMullins et al., that would have bound him although no service of process was ever had upon him therein; but the contention is that neither they as attorneys or otherwise did appear for him in the suit of Keenan against others and himself, nor did they attempt or pretend to do so, to furnish a pretense of jurisdiction over the person of this plaintiff to justify the judgment rendered against him, and under which his property was sold to the defendant herein.

The trial court heard the testimony of the plaintiff to the effect that he had never authorized the attorneys, Fyke & Hamilton, to appear for him and file an answer in his behalf in the case of Keenan v. Wm. C. Mullins et al. Also, that of the attorney Fyke who did file the answer for other defendants in that case, to the effect that neither he nor the firm of Fyke & Hamilton, of which he was a member, was authorized to file an answer for or in behalf of the appellant herein, and further that he did not file an answer for this appellant, in that case, nor did he attempt to do so; and yet after hearing such testimony, subject as it was to the objection made against it by respondent, it was stricken out by the court on the grounds that it was incompetent as impeaching testimony against the recitations of the judgment in controversy. In this the trial court committed error. The doctrine of absolute verity of a record does not apply when the want of jurisdiction in the court to make the record assailed is the very question in issue to be determined.

The judgment of the trial court is reversed and the cause remanded to be retried in accordance with the views expressed herein. *Brace, P. J.,* and *Marshall* and *Valliant, JJ.,* concur.