4-6073                                    143 S. W. 2d 187

Opinion delivered September 30, 1940.

*Pace & Davis, Joe Norbury* and *Tom W. Campbell,* for appellant.

*Troy W. Lewis* and *Carl E. Langston,* for appellee.

GRIFFIN SMITH, C. J.   Oliver S. McKibben died intestate at his home in Kansas, and his daughter, Mrs. Sylvia Boulanger, was appointed domiciliary administratrix.   Mrs. Boulanger and a brother, W. S. McKibben, of Oklahoma, were the decedent's only children.

Subsequent to her appointment as administratrix, Mrs. Boulanger and W. S. McKibben appeared personally in probate court at Little Rock and requested appointment of Charles F. Allen as administrator of their father's estate.[1]

Allen was appointed, and with approval of the court entered into a contract with Troy W. Lewis and

---

[1] The petition recites appointment of the domiciliary administratrix and contains a statement that ".  .  . appointment of a personal representative in Arkansas and an ancillary administrator of the estate, and as representative [of] the next of kin of the deceased . . . would have full power and authority to bring an action on behalf of the estate and of the next of kin of the deceased."

Carl E. Langston to bring suit for recovery of $750 paid the Brinkley Hospitals, and for damages. Specifically, it is charged that appellee's intestate entered the Brinkley Hospitals for treatment; that he suffered injuries through negligent acts of the hospital's agents, servants, and employees, and, in effect, that these transactions constitute a cause or causes of action; that they are properly situated within the state of Arkansas, and that collection and disposal of such assets should be by an ancillary administrator. Allen duly executed bond.[2] Shortly after letters of administration had been issued to appellee, he brought suit for damages in the U. S. District Court at Little Rock.[3]

May 17, 1940, appellants filed their petition for revocation of letters of administration granted to appellee. It was alleged that appellee's intestate left no assets in Arkansas and that ". . . there is not now and never has been any creditor of the said Oliver S. McKibben nor of his estate in the state of Arkansas."

It is insisted that the recoveries contended for in the federal court proceeding are matters which might have been sued on by the domiciliary administratrix. The further contention is that Allen's petition shows upon its face that the Pulaski probate court did not have jurisdiction to grant letters, and ". . . said letters of administration are null and void for the reason that this court had no jurisdiction to grant same, for the reasons that the residence of said decedent was, at the time of his death, and long had been in the state of Kansas; that he died in the state of Kansas. . . ." Finally, it was urged that unless the court cancelled the letters, Allen would present such authority to the U. S. District Court in proof of his right to maintain the suit for damages.

---

[2] Letters of administration issued to appellee are dated April 10, 1940.

[3] Dr. John R. Brinkley and "The Brinkley Hospitals, a co-partnership composed of Dr. John R. Brinkley and Minnie T. Brinkley, his wife" were named defendants. Sums aggregating $104,200 were asked on behalf of the estate and next of kin.

Appellants insist that § 5 of Pope's Digest [4] is mandatory. They argue that Arkansas has no statute authorizing appointment of an ancillary administrator.

Appellee challenges the right of appellants to appeal from the probate order refusing to revoke the letters.

We have no statute expressly conferring the right to petition for revocation of letters of administration. Section 2885 of Pope's Digest authorizes appeals to circuit court from all final probate orders and judgments,[5] but the right of appeal is restricted to "the party aggrieved" who must file an affidavit to the effect that the appeal is taken because of such aggrievement, and not for the purpose of vexation or delay.

The interest of appellants is not in assets of the estate, nor in distribution. Appellants are parties to whom the estate has turned for substantial compensation which, in the circumstances, and under our laws, is property, for the collection of which suit may be maintained. It is insisted by appellants that the situs of the property is in Kansas, and that its fixation there is not altered by reason of the fact that the cause of action is transitory. If this should be conceded, still appellants' right to question appointment of the ancillary administrator is an issue which, if here determined against appellants, makes it unnecessary to pass upon validity of the appointment.

In 23 Corpus Juris, p. 1103, § 278, it is said that persons acting in their individual capacity are entitled to ask for the revocation of letters only when they are interested in the estate. Cases decided by the courts of

[4] Section 5 of Pope's Digest is as follows: "Letters testamentary and of administration shall be granted in the county in which the testator or intestate resided; or, if he had no known residence, and lands be devised in the will or the intestate die possessed of lands, such letters shall be granted in the county where the lands lie, or one of them if they lie in several counties; and, if the deceased had no such place of residence and no lands, such letters may be granted in the county in which the testator or intestate died, or where the greater part of his estate may be."

[5] By Amendment No. 24 to the Constitution, adopted in 1938, appeals from probate courts are directly to the Supreme Court.

Georgia, Idaho, Illinois, Indiana, Mississippi, New York, and Rhode Island, are cited as authority for the rule. There is the same requirement in respect of the right to petition for removal of ancillary administrators.

Beginning on page 117 of Corpus Juris, v. 23, § 298, it is said: "While an executor or administrator may sometimes be removed by the court on its own motion, or on the suggestion of an *amicus curiae,* an application for such removal can, as a general rule, be made only by a person interested, such as the widow of the decedent, an heir or distributee, a legatee or devisee, or a creditor of the estate."

American Jurisprudence, v. 21, p. 463, § 159, sums up the decisions in a paragraph that reads: "Proceedings for the removal of an executor or administrator are usually initiated by application or petition within the time prescribed by law, to the probate court; . . . such application or petition must be presented by a party who is entitled to apply for removal—that is, a party having some interest recognized by law."

The supreme court of Nebraska declined to permit a railway company, when sued by an administrator, to question regularity or validity of the appointment. The suit was by petition of the railway company to the probate court, asking that letters be revoked.[6] But the contrary was held in *Reynolds, Admr., etc.* v. *Lloyd Cotton Mills.*[7]

Under a statute providing that petition for removal of an executor or administrator should be filed in the court from which the letters were issued, by any person interested in the estate, the supreme court of Iowa held that the corporation to be sued was not an interested party in the sense contemplated by law. In the opinion the following appears:

"Plaintiff has no interest in the property of the estate, either as an heir, creditor, or otherwise. The

---

[6] *Missouri Pacific Ry. Co.* v. *Jay's Estate,* 53 Nebr. 747, 74 N. W. 259.

[7] Supreme Court of North Carolina, 177 N. C. 412, 99 S. E. 240, 5 A. L. R. 284, at page 294.

interest contemplated by the statute is a right to benefits from the estate which prompts the person to act for preserving its assets, increasing their value, and directing their disposition and appropriation. Surely, the statute does not in this provision contemplate one whose interest would be promoted by the destruction of the assets. . . . The plaintiff has an interest to defeat the claim which the estate holds against it. This interest prompts it to resist the claim, and if it is successful it will destroy what is now regarded as property. It is absurd to say that plaintiff is 'interested in the estate' in any other way than as a litigant is interested to defeat the claim of his adversary. His interest is of the character of that which an enemy feels who seeks the destruction of his foe."[8]

In American State Reports, v. 138, p. 518, there is extensive comment on *Pfefferle* v. *Herr,* 75 N. J. Eq. 219, 71 Atl. 689.[9] At page 551, American State Reports, appears this discussion of the rights of a petitioner to have an administrator removed:

"As a general rule, no one is entitled to apply for the removal of an executor or administrator without showing that he has some interest in the estate." And at page 553: "The question whether cause exists for the removal of an executor or administrator cannot, as a general rule, be determined at the suit of a stranger to the estate, showing no interest whatever therein."

A case decided in 1930[10] by the supreme court of South Carolina contains language in support of the rule that only an interested party may question validity of an administrator's authority. It was said: "As stated in the Mayo Case, above, 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660, the railroad company being merely a contingent debtor would have no right in any event to question the validity of the proceedings except as to a jurisdictional defect appearing on the face thereof. The

[8] *Chicago, B. & Q. R. Co.* v. *Gould,* 64 Ia. 343, 20 N. W. 464.

[9] 875 N. J. Eq. 219, 71 Atl. 689.

[10] *Southern Ry. Co.* v. *Moore,* 158 S. C. 446; 155 S. E. 740; 73 A. L. R. 582, at page 585.

railroad has no interest in the administration except to defeat the claim of the administrator. The interest of the railroad and the interest of the estate are absolutely contradictory."

Appellants contend that appellee's appointment is void, and that such invalidity appears on the face of the record.[11] If void, such letters are subject to collateral attack in federal court, where the suit for damages and for recovery of $750 is pending. If the appointment is merely voidable, appellants, not being interested parties in contemplation of law, can be affected only to the extent of the inconvenience they would be subjected to if sued by one as to whose authority no question could be raised. If recovery to the estate should ensue, even an imperfectly appointed administrator would have the capacity to execute an acquittance under direction of the court, and the judgment would, in an appropriate plea, be *res judicata.*

Affirmed.

[11] The record consists of the petition and letters of administration.