In the Matter of the ESTATE OF Jerrold William DUGAN.

MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Movant-Appellant,

v.

Joel DAVIS, Public Administrator of Jasper County, Missouri, Administrator, Respondent.

No. 7635.

Springfield Court of Appeals. Missouri.

Dec. 17, 1957.

See also 309 S.W.2d 145.

Harold L. Harvey and R. W. Yost, St. Louis, McReynolds, Flanigan & Flanigan, John H. Flanigan, Carthage, for appellant.

Emerson Foulke, Joplin, for respondent.

RUARK, Judge.

•This is an appeal from a judgment dismissing an appeal from probate court.

On March 30, 1956, Joel Davis, Public Administrator of Jasper County, made application for letters of administration on the estate of Jerrold William Dugan, deceased. Such application recited that the intestate was at the time of his death a *resident of the State of Kansas* and that the probable value of his estate was personal, $100, real estate, none. The names and addresses of his heirs were a father and mother, both resident in Kansas. On the same day said public administrator was ordered to take charge of the estate and letters of administration were issued. Both the order and letters refer to the deceased as *"late of the County of Jasper, State of Missouri."* The order recites that the deceased *died in Jasper County, Missouri.* Notice of letters issued by the clerk recites the fact that the attorney for the estate is James A. Dooley v. Chicago, Illinois. A contract between Public Administrator Davis and Mr. Dooley, the attorney, executed on the same day the letters were issued, provided for the employment of Mr. Dooley as attorney to prosecute a claim against the Missouri Pacific Railroad because of an accident which resulted in the death of Jerrold William Dugan on the 6th day of September, 1955, *at or near Chetopa, Kansas.* Such contract was approved by the probate court on the same date, On April 10, 1956, the public administrator filed his inventory and appraisement, wherein real estate was listed as "none" and personal property was listed as "none, except an action for damages for the wrongful death of the deceased against the Missouri Pacific Railroad Company," for which no value was stated.

On September 27, 1956, the Missouri Pacific, appellant here, filed its motion to cancel and revoke the letters theretofore issued to the public administrator. This motion recited in substance the following: That the deceased was a resident of Kansas; that, as shown by the inventory, the

only personal property is the wrongful death action hereinbefore mentioned; that subsequent to the granting of letters the public administrator commenced an action in Cook County, Illinois, for the wrongful death of Dugan, which action is still pending, and that movant has an interest in attacking the validity of the letters for such reason. Such motion further pleaded that the sole purpose in obtaining the letters was to bring the action in Illinois and prevent removal to the district court of the United States by establishing an apparent lack of diversity of citizenship, since the public administrator is a resident of Missouri and the Missouri Pacific is a Missouri corporation. The motion then states that the appointment of the public administrator is void for want of jurisdiction, because decedent left no assets in the state, and makes what we construe as a claim of some species of legal fraud in the procurement of such letters by the abuse of Missouri process. This motion was overruled by the probate court. The Missouri Pacific appealed to the circuit court. There the respondent filed motion to dismiss the appeal, and such motion to dismiss was finally sustained upon the stated ground that the Missouri Pacific is not an interested party and has no standing in court. The Missouri Pacific has appealed.

We are of the opinion that appellant's motion is a direct and not a collateral attack, this in view of the provisions of section 472.150, V.A.M.S., Laws of 1955, section 16, page 396, and the fact that section 481.030 RSMo 1949, V.A.M.S. (relating to terms of court) has been repealed and section 472.050, V.A.M.S., Laws of 1955, section 6, page 393, has been enacted in lieu thereof. Hence the Missouri decisions involving after-term motions under the old probate code are not necessarily applicable.

The first question is, is the refusal to revoke letters an appealable order? We think so. In re Scott's Estate, 237 Mo.App. 1260, 173 S.W.2d 115, and cases cited; Annotation 37 A.L.R.2d 751, 758.

Our next and most serious question is, does the Missouri Pacific have such an interest in the subject matter of the litigation as will permit it to prosecute the motion and to appeal from its overruling? This question divides itself into (a) does appellant have such interest as will give it standing to interpose and set up claim of invalidity of the issuance of letters and appointment of administrator?; (b) does it fall within the group or class of persons who have such an interest which permits an appeal? We shall attempt to deal with these questions in order, although the decision as to (a) must of necessity have some effect on question (b).

As to whether a contingent debtor, defendant in a lawsuit brought by the administrator, can attack the validity of the appointment of such administrator there is considerable confusion, conflict, and dissent. Annotation 123 A.L.R.2d 1225; 33 C.J.S. Executors and Administrators § 85 b, p. 1022; 23 C.J., Executors and Administrators, section 278, page 1104. In a number of the decisions it is held that the debtor has no interest which gives him standing in court. In re Walsh's Estate, 131 N.J.Eq. 376, 25 A.2d 424; Yazoo & M. V. R. Co. v. Jeffries, 99 Miss. 534, 55 So. 354; In re Stone's Estate, 173 Iowa 371, 155 N.W. 812; In re Wertz' Estate, Pa., 6 Dist. & Co. R. 2d 429, 5 Fiduciary 516, 69 York Leg.Rec. 69; In re Trost's Estate, 292 Ill.App. 60, 10 N.E.2d 857; In re Estate of Hardy, 35 Minn. 193, 28 N.W. 219; In re Mayo's Estate, 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660; Missouri Pac. R. Co. v. Bradley, 51 Neb. 596, 71 N.W. 283; Brinkley v. Allen, 200 Ark. 1147, 143 S.W.2d 187; In re Barmeier's Estate, 248 App.Div. 636, 288 N. Y.S. 318; City of Bessemer v. Clowdus, 258 Ala. 378, 63 So.2d 355; Southern Ry. Co. v. Moore, 158 S.C. 446, 155 S.E. 740, 73 A.L.R. 582; In re Estate of Upton, 199

Wash. 447, 92 P.2d 210, 123 A.L.R. 1220.[1] An expression common to such cases is that the debtor has no interest in the estate except an interest to hinder or destroy his adversary.

But other authority which we consider to be better reasoned holds that if the appointment is *void* the debtor has such an interest as will permit him to assert such invalidity in a direct proceeding. Cooper v. Gulf, C. & S. F. Ry. Co., 41 Tex.Civ.App. 596, 93 S.W. 201; Reynolds v. Lloyd Cotton Mills, 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284; Lee v. Allen, 100 Md. 7, 59 A. 184; Louisville & N. R. Co. v. Herb, 125 Tenn. 408, 143 S.W. 1138; McCoubrey v. Pure Oil Co., 179 Okl. 344, 66 P.2d 57; Mallory's Estate, v. Burlington & M. R. Co., 53 Kan. 557, 36 P. 1059.[2] The composite reasoning of such holdings is that the debtor has an interest in knowing that the person with whom he settles or who may obtain judgment against him is lawfully entitled to receive such money or to obtain and enforce such judgment; otherwise the debtor might be put in a position of being required to pay an unauthorized person once and later be required to pay again upon demand or suit of validly appointed administrator.

Assuming that payment is made to an administrator appointed by a court having jurisdiction of the subject matter and power to make the appointment, and that there be a mere voidable *irregularity* in the appointment or qualification of such administrator, then it would appear that the debtor would be safe in dealing with such administrator. Such appointment might be voidable at the objection of some interested person, but the subsequent vacation of such appointment would not affect the validity of acts done under it in the meantime. Section 472.150, V.A.M.S., Laws of 1955, section 16, page 396.

■ But suppose the court has no jurisdiction of the subject matter, the *res*, which in this instance is the estate itself. To use the language of McIver, Judge, in his dissenting opinion in In re Mayo's Estate, supra, 38 S.E. loc. cit. 639:

"* * * there could be no proceeding in rem unless there was a res; and the res in a case like this would, as I understand it, be the estate of the intestate; and, if there is no estate of the intestate within the jurisdiction of the court, * * * then there would be no res, and consequently no proceeding in rem."[3]

If such jurisdiction did not exist at the inception, life and validity could not be breathed into that which had no existence. If the court has no jurisdiction or power to appoint a public administrator, then the issuance of letters to such administrator would be void. Donelson's Estate v. Gorman, 239 Mo.App. 300, 192 S.W.2d 29; see State ex rel. Smith v. Hull, Mo.App., 147 S.W.2d 214, 216. And if such appointment is void, the debtor has a pecuniary interest in seeing that he is not to be

1. Brinkley v. Allen was based on the proposition that the attack was collateral. Estate of Upton, Barmeier's Estate, and Bessemer v. Clowdus were decided on the theory that the defect was voidable and not void. The Moore case was based on the fact that the jurisdictional defect did not appear on the face of the record. Estate of Hardy was really decided upon an interpretation of the appeals statute. In re Mayo's Estate (which is factually similar to the case at hand) and Missouri Pac. R. Co. v. Bradley were decisions by divided courts.

2. See also Chicago, I. & L. Ry. Co. v. Hemstock, 102 Ind.App. 654, 4 N.E.2d 677; In re Estate of Ludwig, 49 Wash. 2d 312, 301 P.2d 158; In re Walker's Estate, Ohio App., 36 N.E.2d 800; In re Yarbrough's Estate, 126 Wash. 85, 216 P. 889, 222 P. 902; In re Bailey's Estate, 31 Nev. 377, 103 P. 232.

3. See 33 C.J.S. Executors and Administrators § 12, p. 890; Shearer v. Parker, 364 Mo. 723, 267 S.W.2d 18, 21; State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S.W. 83, 88, 89; also Becker v. Buder, D.C.E.D.Mo., 88 F. Supp. 616, affirmed 8 Cir., 185 F.2d 311; Richardson v. Busch, 198 Mo. 174, 95 S.W. 894; 21 Am.Jur., Executors and Administrators, section 42, page 397.

harassed by some person who is a complete stranger and without authority in law. And *if* the appointment is void, then it is not inconceivable that persons who are beneficiaries under the Kansas death statute might proceed for the appointment of an administrator in that state and bring action against the defendant in regard to the same thing for which the present administrator maintains his action in Illinois. See Ellenberg v. Arthur, 178 S.C. 490, 183 S.E. 306, 103 A.L.R. 437; Union Mutual Life Insurance Co. v. Lewis, 97 U.S. 682, 24 L.Ed. 1114.

In Donaldson v. Lewis, 7 Mo. App. 403, a public administrator was appointed and an acknowledged debtor moved for revocation of the authority of the administrator on the ground that the creditor was not shown to be dead. It was held that while the public administrator is authorized in certain cases to take charge of the estate of deceased persons in his county, he has *no power* to take charge of the estate of persons not dead and that, this being so, the debtor had an interest in seeing that his creditor was paid and that such interest was sufficient to give him standing in the court. This case has been cited many times and has been criticized in some respects, but so far as we are able to find it has never been overruled in respect to the question here presented. The case is old, but age and passage of time do not necessarily diminish the force or lessen the freshness of its pronouncement. The courts have an inherent power (and duty) to remove an administrator whose appointment is void. McCabe v. Lewis, 76 Mo. 296; In re Allen's Estate, 307 Mo. 674, 271 S.W. 755; see Ross v. Pitcairn, Mo., 179 S.W.2d 35; and In re Ford, 157 Mo.App. 141, 137 S.W. 32, 36. And it is our conclusion that a contingent debtor of the estate has a pecuniary interest which gives him sufficient standing in court to present such invalidity of appointment by motion for revocation.

We have said that (if the appointment was void) the appellant has the (basic) pecuniary interest in the subject to give him standing in court so that he may attack such appointment. There remains to be considered whether he has that interest ("appealable interest") which is required in order to appeal from an adverse order. The question arises because of the definition of "interest" made in section 472.010, V.A.M.S., Laws of 1955, section 2, page 390, in the new probate code. The theory of respondent's contention is that the right of appeal comes only from statute (Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377; Choate v. State Department of Public Health and Welfare, Mo.App., 296 S.W.2d 189) and that appellant cannot bring itself under the statute because of the definition above mentioned. The pertinent statutes relating to appeal are as follows:

Section 478.070, RSMo 1949, V.A.M.S., provides that the circuit courts shall have " * * * (4) appellate jurisdiction from the judgment * * * of * * * probate courts * * * *in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over * * * administrators. * * *"

This statute has come in substantially the same words through the revisions since 1845.

Section 472.160, V.A.M.S., Laws of 1955, section 17, page 396, provides that *any interested person aggrieved thereby* may appeal from the order or judgment of the probate court " * * * (15) in all other cases where there is a final order or judgment of the probate court under this Code."

Section 472.010 above mentioned is the "definitions" statute applicable to the whole new probate code. Paragraph 15 provides:

" 'Interested persons' means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered. *This meaning may*

*vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved."*

Sections 472.160 and 472.010 are broken out of section 467.010, RSMo 1949, V.A. M.S. (repealed in 1955), which likewise is of ancient origin. This statute, foster parent of the two 1955 sections above named, provided (1) that appeals should be allowed in certain enumerated cases (including "in all other cases where there shall be a final decision * * *") and (2) "the right of appeal * * * shall extend any heir, devisee, legatee, creditor or other person having an interest in the estate under administration * * *."

Extending the broad reasoning of Graves, C. J., in In re McMenamy's Guardianship, 307 Mo. 98, 270 S.W. 662, loc. cit. 669:

"Since the opinion of Gantt, J., in Coleman's Case, supra [Coleman v. Farrar, 112 Mo. 54, 20 S.W. 441], the right to have an appeal (unless it is expressly prohibited by law) from any final judgment or order made by probate court has never been denied by this court, but, on the other hand, fully sustained under section 2436, R.S.1919. Leahy v. Mercantile Trust Co., 296 Mo. [561] loc. cit. 600, 601, 247 S.W.2d 396. It matters not whether such final judgment or order is in the estate of an insane person, or in some other branch of probate jurisdiction."[4]

it could well be argued (although we do not find it necessary to so hold) that since, as heretofore stated, appellant might have *basic* interest sufficient to give him standing as a litigant, and since neither section 472.160 nor section 472.010 (nor any other section) contains any provision "expressly prohibiting by law" the appeal in this case, the appeal should go under 478.070 irrespective of the claimed limitation imposed by section 472.010. However, we do not base our decision on that ground.

In construing these statutes we must of course attempt to ascertain the intention of the legislature (Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122) and to determine (and promote) the object and purpose of that intention from the words used in the statute (Browder v. Milla, Mo. App., 296 S.W.2d 502). In so doing we must, if possible, give effect to every word, phrase, clause, and sentence of the section. Pree v. Board of Trustees, 363 Mo. 1131, 257 S.W.2d 685. And we must also put together and harmonize, if possible, all sections which are related to the same subject. Bredeck v. Board of Education of City of St. Louis, Mo.App., 213 S.W.2d 889. The entire legislative act must be considered. McCord v. Missouri Crooked River Backwater Levee Dist., Mo., 295 S. W.2d 42. In this connection we may consider the historical development of the legislation. State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399, 405. For the new legislation must be construed and applied consistently with the construction placed upon the related parts of the general law. See Fiske v. Buder, 8 Cir., 125 F.2d 841, 845. And "in the construction and application of a statute, we must harmonize the same, if possible, with the established law existing at the time of enactment unless there is a conclusive implication, or an expressed intent to repeal the old and enact a new." Mayes v. Mayes, Mo.App., 104 S.W.2d 1019, 1023.

One of the cardinal principles, however, which pervades and hovers over all canons of construction is that statutes providing for appeal are to receive a liberal construction. State ex rel. Jones v. Davis, 240 Mo.App. 411, 216 S.W.2d 155; West's Missouri Digest, Appeal and Error, ▮ And where a doubt exists as to the right of appeal it should be resolved in favor of that right. Mullin v. Trolinger, 237

4. See also In re Scott's Estate, 237 Mo. App. 1260, 173 S.W.2d 115.

Mo.App. 939, 179 S.W.2d 484; In re Switzer, 201 Mo. 66, 98 S.W. 461, 464. It has been said many times that the right of appeal was not inherent under the (old) common law; yet the judicial arm of society has been diligent to see that, wherever possible, those who have a good faith interest in the proceedings will not be denied a review.

Section 472.010 attempts to fix definitions for the whole probate code. To that extent and to that purpose it is general in nature. It gives blanket definitions which of their very nature must apply to a wide range of persons, classes, and situations. Section 472.160 provides for one thing, appeals. To that extent it has a special purpose which is applied to a limited sphere. To that extent it has a more limited and special meaning, restricted to appeals alone.

In section 472.010 we find, first, a statement as to what persons (naming them) are interested. This first statement, taken alone, would not include any persons not specifically named and thus would omit administrators (except in such cases where they were appealing from a refusal of claim for commissions). But effect must be given to the following words, "this meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." We cannot ignore them. The legislature intended them to mean something, and that meaning must be either to narrow or to broaden the words of definition which precede. If we apply the rule of *ejusdem generis* (which is only one of many rules of construction and which is not to be applied where it clearly appears from the statute as a whole it was not intended, Ex parte Smith, 231 Mo. 111, 132 S.W. 607, 609; State v. Eckhardt, 232 Mo. 49, 133 S.W. 321, 322), then we have adopted a narrow and *strict* rather than a liberal construction of statutes relating to appeal, something that the courts of this state do not approve. But if we adopt a liberal construction, as we should and must do, we will give broad meaning to those words and interpret them together with the whole statute and the whole code and in the light of previous decisions concerning similar or related statutes.

As we have heretofore noted, this statute, as was the case in previous section 467.010, R.S.Mo.1949, V.A.M.S., does not specifically extend the right of appeal to administrators of estates. Yet it is held under the old act (and it reasonably should and almost necessarily must be under the new act) that administrators have a right to appeal whenever their concern appears necessary for the protection of the estate, they being the "interested persons." [5] Similarly it has been held that the Administrator of Veterans' Affairs has sufficient interest in the administration to appeal.[6]

Our conclusion is that (assuming the appointment to have been void) the appellant was an interested person under a liberal interpretation of sections 472.160 and 472.010, and therefore has the right to appeal.

The appellant has urged that the case be reversed with directions to revoke the letters of administration. The case is here because of an order of the circuit court dismissing an appeal which had been taken from probate court. That appeal was dismissed on the theory that plaintiff did not have an interest in the subject matter. Obviously this judgment of the circuit court was not a determination of the merits of the controversy but was a denial of a right to present the merits for determination. True, we have said that whether the appellant has an interest depends upon whether the probate court

---

5. First Trust Co. v. Myers, 239 Mo.App. 403, 188 S.W.2d 519, 521; Rone's Estate v. Rone, Mo.App., 218 S.W.2d 138; see In re Clark's Estate, Mo.App., 213 S.W. 2d 645.

6. Hines v. Hook, 338 Mo. 114, 89 S.W.2d 52.

was without jurisdiction, and it is true that this question goes to the merits of the whole case. But "it is not necessary to inquire in that connection whether the proceeding is well taken in the sense that the motion shows the appellant to be entitled to any relief, for that is the very question which is to be determined by the appellate court if the matter is properly before it." In re Brinckwirth's Estate, 268 Mo. 86, 186 S.W. 1048, loc. cit. 1050. We think it is sufficient for the purpose of appeal if there be a debatable good faith question, for it is the policy of the courts not to reverse outright and without remand where the evidence on the issues has not been fully developed. Kramer v. Johnson, 361 Mo. 1085, 238 S.W.2d 416, 423; Feinstein v. McGuire, Mo., 297 S.W.2d 513; see Hanley v. Holton, 120 Mo.App. 393, 96 S.W. 691, 693.

As to the ultimate question, we think both sides should have an opportunity to develop the issues to the fullest. As illustration of what we mean (although we do not wish to express any suggestion or present opinion on the ultimate question of jurisdiction), there is a question of whether or not the probate court found the facts of its own jurisdiction and the recitals in the order and letters were the result of a determination of the fact in pais, or simply the product of inadvertence.[7] There may be other matters which might be pertinent to the ultimate question of jurisdiction of *res* and power to make the appointment which have not been developed.[8] Trotting alongside the jurisdictional question, but in single harness, is the contention of appellant which raises the broad question of public policy in regard to whether the courts of this state will permit themselves to be burdened by proceedings by a nonresident solely for the purpose of accomplishing the object of prosecuting a suit in yet another state. These questions we do not wish to decide upon the skimpy record before us. ·

We therefore reverse the judgment dismissing the appeal and remand the case for further proceedings not inconsistent with this opinion. It is so ordered.

STONE, P. J., and McDOWELL, J., concur.

---

7. See Mullins v. Rieger, 169 Mo. 521, 70 S.W. 4; Baker v. Smith's Estate, 226 Mo.App. 510, 18 S.W.2d 147.

8. See In re Henry County Mut. Burial Ass'n, 229 Mo.App. 300, 77 S.W.2d 124.