————O————

J. V. McCRARY, Adm'r of Estate of MENTEER & McCRARY, Appellant, *vs.* ROBERT MENTEER, Respondent.

1. *Administration—Probate Court—Appeal—Partnership estate.*—An appeal lies to the Circuit Court from the judgment of the Probate Court, on a proceeding by the administrator of a deceased partner, citing the surviving partner to show cause why he should not turn over property to the administrator.

*Appeal from Madison Circuit Court.*

*B. B. Cahoon with Wm. N. Nalle,* for Appellant.

*J. D. Fox,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

The judgment of the Circuit Court in this case must be reversed. The appeal from the Probate Court was dismissed in the Circuit Court on motion, and a judgment rendered in favor of the defendant, on the ground that no appeal was allowed by the statute in such cases. The proceeding in the Probate Court was one instituted by an administrator of a deceased partner, citing the surviving partner, under the 61st and 62nd

sections of our administration law, to show cause why the said surviving partner should not hand over to the administrator certain property alleged to belong to the partnership. The Probate Court, upon the answer to the citation, gave a judgment for the defendant. Upon an appeal to the Circuit Court, the appeal was dismissed without any examination into the merits of the case ; and so in this court the only point presented by the record is, whether an appeal was allowable in such cases; and we think the concluding clause of the 1st section of the 8th article of our administration law, which allows an appeal "in all cases where there shall be a final decision of any matter arising under the provisions of this law," is sufficiently broad to allow the appeal in this case. The decree was final, so far as the citation was concerned, and although its results did not prevent the institution and prosecution of other proceedings in the Probate Court, the judgment of the Probate Court was final as to the one instituted. And this being so, an appeal could be taken ; and this appeal having been dismissed in the Circuit Court, without any examination into the record brought up from the Probate Court, or upon a new hearing of the facts, we have no power to pass on the merits of the case, and can only remand it, to be heard below. This court can only review the action of the Circuit Court from which the appeal is taken ; and as the Circuit Court simply decided that an appeal was improperly taken, we can only reverse that decision without expressing any opinion as to the merits of the case, had the appeal been allowed and the case heard. The judgment is therefore reversed and the cause remanded ; the other judges concur.