ELLA McPHERSON v. THEODORE WOLFLEY, *as Administrator of the estate of N. Morris, deceased.*

**No. 549.*** (57 Pac. 257.)

PRACTICE, PROBATE COURT— *Claims against Estates — Classification.* Probate courts have jurisdiction to correct the classification of claims allowed against the estates of deceased persons at a term of court subsequent to the allowance and erroneous classification thereof.

Error from Nemaha district court. R. M. EMERY, judge. Opinion filed May 10, 1899. Reversed.

*J. E. Stillwell,* and *J. E. Taylor,* for plaintiff in error.

*S. K. Woodworth,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : There are two questions presented by the record and by the assignments of error in the brief. Plaintiff's claim was allowed by the probate court against the estate of the defendant's intestate. It was erroneously classed as a fifth-class claim. Subsequently, on her motion, the probate court corrected the classification and assigned it to the second class. The administrator appealed from this classification of the probate court to the district court, where this order correcting the classification was reversed, upon the ground that the probate court had no jurisdiction to make the order correcting the classification. Under the statute in relation to the administration of the estate of decedents, both the administrator and the probate court are required to classify claims presented and allowed. The classification is no part of the

* Reversed by supreme court February 10, 1900. See 61 Kan. 492, 50 Pac. 1054.—REP.

McPherson v. Wofley.

judgment of allowance, and no notice is required to be given thereof. The law provides to what class a claim shall be assigned.

The record in this case disclosed to which class the plaintiff's claim belonged under the statute. The classification was erroneous. The question presented is, Had the probate court jurisdiction to correct it? We think this should be answered in the affirmative.

Upon the argument and in the brief, it is contended that the application was made too late, beyond the time limited by the statute for making such amendments or corrections. This question was not presented to the probate court, nor was it presented to the district court. The judgment of the district court reversing the order of the probate court classifying the claim proceeds entirely upon the proposition that the probate court had not jurisdiction to make the order correcting the classification ; hence the question of time is not in the case.

The abstract required to be kept by the probate court, disclosing the claims allowed and their classification, is not designed to fix the right of claimants against the estate, but to facilitate the performance of the duties of the administrator in the administration of the estate. The judgment of allowance disclosing clearly the class to which the claim belonged, and the probate judge being his own clerk, we assume that it was a clerical error which might be corrected at any time while the court retained jurisdiction of the proceeding, upon notice, which was duly given. The classification is not such a final judgment as to be conclusive. It may be appealed from as from an error in approving an annual account, yet it is within the province of the court to correct it, as was said by the supreme court in relation to annual settlements in

*Musick v. Beebe, Adm'r,* 17 Kan. 53. This view is likewise supported by the judgment of the supreme court in *Tobey v. Comm'rs of Brown Co.,* 20 Kan. 14; *Clevenger v. Hansen,* 44 id. 182, 24 Pac. 61.

We are of the opinion that the probate court had ample power to correct this classification at a term after the prior classification was made. It follows that the conclusion reached by the district court that the probate court was without authority so to do is erroneous and must be reversed.

WELLS, J., not sitting.