THEODORE WOLFLEY, *as Administrator, etc.*, v.
ELLA McPHERSON.

**No. 11,491.*** (59 Pac. 1054.)

1. PRACTICE, PROBATE COURT—*Appeal from Order of Classification.* An order of the probate court classifying a demand allowed against the estate of a deceased person is a "decision," and a subsequent order vacating it and assigning the demand to a different class is likewise a "decision," and may be appealed from by the aggrieved party under the statute regulating appeals from probate courts.

2. ———— *Limitation of Action.* A proceeding in the probate court to vacate an order of classification of a demand against the estate of a deceased person is regulated by the civil code (Gen. Stat. 1897, ch. 95, §§ 601, 602, 611; Gen. Stat. 1899, §§ 4862, 4863, 4870), and must be brought within the appropriate period of limitation therein prescribed.

Error from court of appeals, northern department ; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges.    Opinion filed February 10, 1900. Reversed.

*S. K. Woodworth,* for plaintiff in error.

*J. E. Taylor,* and *J. E. Stillwell,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : The origin of this case was a motion filed in the probate court to correct the classification of a demand which had been allowed against the administrator of an estate.    Nathaniel Morris died indebted to Ella McPherson for services as a clerk. She filed her claim in the probate court and made proof of it.    It was allowed and assigned to the fifth

---

*For opinion by court of appeals, see 9 Kan. App. —, 57 Pac. 257.—REP.

class. This classification was erroneous; it should have been assigned to the second class. (*Cawood v. Wolfley*, 56 Kan. 281, 43 Pac. 236, 31 L. R. A. 538.) More than three years thereafter she filed a motion in the probate court to reclassify her demand and assign it to the second class of claims, which was sustained. From this order the administrator appealed to the district court, and that court reversed the ruling of the probate court. From the order of reversal, McPherson prosecuted error to the court of appeals, and that court reversed the district court (*McPherson v. Wolfley*, 9 Kan. App. ——, 57 Pac. 257), and from the order of reversal the administrator has prosecuted error to this court.

The court of appeals was in error. Its decision proceeds upon the assumption that the classification of a demand against the estate of a deceased person is no part of the judgment of allowance of the demand. The statute divides claims against the estate of deceased persons into seven different classes and gives them priority in the numerical order of classification. (Gen. Stat. 1897, ch. 107, § 80; Gen. Stat. 1899, § 2768.) The class to which a demand may be assigned, therefore, is often a matter of material consequence. If the estate outside the exemptions will not pay in full, the demands of the later classes must go unpaid, and in such instance it becomes a matter of vital consequence to a creditor that the demands of the others, as well as his own, be properly classified. Nor is the classification one of indifference to the administrator. The allowance of a claim against the estate of a deceased person is a judgment against the administrator in his trust capacity. (2 Woern. Adm., 2d ed., § 392.) Therefore, the administrator, as a trustee, is interested in a proper observance of all legal require-

ments in the settlement of the estate. In a sense an order of classification is a judgment against all other claimants of the same and subsequent classes. An order classifying a demand has the effect of a judgment. ( Kelley, Prob. Guide, § 307 ; *Miller v. Janney's Ex'r*, 15 Mo. 167.) It is a judgment of equality as to other claimants of the same class and a judgment of priority as to claimants of subsequent classes.

It may be that the erroneous classification of a demand against an estate is not such a judgment as will entitle creditors prejudicially affected to be heard in objection to it, but as to this we have no concern. Other creditors are not here asking to be heard. The administrator, however, is asking to be heard, and it must be that he is entitled to a hearing, else there could be no correction of the mistakes of the probate court, nor any restraint upon its capricious or even corrupt disregard of the law. If, therefore, the administrator can be heard, it is because the thing to be reviewed upon the hearing is a judgment. The defendant in error does not controvert the legal proposition that the order of classification is a judgment that can be reviewed. She claims that it cannot be reviewed upon appeal but must be reviewed upon proceedings in error from the probate court. This is a mistake. The statute declares :

"Appeals shall be allowed from the *decision* of the probate court, to the district court, in the following cases. . . . And in all other cases where there shall be a *final decision* of any matter arising under the jurisdiction of the probate court, except in cases of *habeas corpus* and injunction." (Gen. Stat. 1897, ch. 107, § 203 ; Gen. Stat. 1899, § 2877.)

The word " decision " used in this statute is one of broader signification than judgment. It is generic in

meaning and includes rulings of the probate court, whether technically termed orders or judgments.

The plaintiff in error invokes the statute of limitations against the reclassification of the demand. The statute specifies nine different instances in which "the district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made." (Gen. Stat. 1897, ch. 95, § 601; Gen. Stat. 1899, § 4862.) A subsequent section makes the provisions of the section above quoted applicable "to all the courts of record of the state." (Gen. Stat. 1897, ch. 95, § 611; Gen. Stat. 1899, § 4870.) Probate courts, of course, are courts of record. The civil code (Gen. Stat. 1897, ch. 95, § 602; Gen. Stat. 1899, § 4869) establishes various periods of limitation upon proceedings to vacate the judgments or orders of courts of record. None of these periods exceeds three years, and, upon whatever one of the several grounds mentioned in section 601 for the vacation or modification of the order of classification the motion was made, the period for the institution of the proceedings to vacate or modify was limited to three years at most.

Counsel for defendant in error attempt to avoid the bar of the statute of limitations upon the theory that the original order of classification, being contrary to the statute, was void, and, therefore, as a void judgment it could be vacated at any time under section 603. The judgment was not void. It was erroneous only. In *Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, we held that "a judgment entirely outside the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time upon motion of the defendant." That case, however, was entirely unlike

this one.  In that case a judgment was rendered in favor of a party upon a claim he had never made.  In this case a judgment was rendered against a party upon a claim which she did make.  In stating to the probate court the character of her claim she appropriated in her behalf the provisions of the law assigning it to the second class.  The jurisdiction of the probate court was thus invoked, not only as to the existence of the claim, but as to the priorities of classification to which it was entitled.  The statute regulating the matter of classification is not plain.  It required construction to ascertain its meaning, and this court, subsequently to the original order of classification made by the probate court, was called upon to construe it.  (*Cawood v. Wolfley*, supra.)  The mistake which the probate court made in construing it was an error only.  Every question of law as well as fact was within its jurisdiction to determine.  Its determination, though erroneous, was not void.

The judgment of the court of appeals is reversed and that of the district court is affirmed.