LOUISE D. WOLFE, *Administratrix of the ·Estate of Eugene Wolfe, deceased,* v. A. D. ROBBINS, *Administrator of the Estate of Charles Dunn, deceased, et al.*

**No. 854.** ( 63 Pac. 278.)

ADMINISTRATION—*Judgment Liens— Classification—Deficiency.* The fourth subdivision of section 80, chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2768), is construed to mean that judgments which are liens upon real estate of the deceased, where the estate is insolvent, shall, to the extent of the lien, be paid without reference to classification, with the exception therein stated, but the deficiency shall only be paid as other judgments rendered against the deceased in his lifetime are paid.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 1, 1901. Affirmed.

*Isenhart & Alexander,* for plaintiff in error.

*Edwin A. Austin, Jetmore & Jetmore,* and *F. C. Downey,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.: On the 28th day of September, 1891, E. A. M. Smith recovered a judgment in the circuit court of Shawnee county against Charles Dunn in the sum of $3614.85, upon foreclosure proceedings therein, and an order of sale thereon was stayed for a period of six months. On February 10, 1892, Charles Dunn died. On February 25, 1892, E. B. Guild was duly appointed and qualified as administrator of his estate.

On April 4, 1892, said E. A. M. Smith filed his motion in said circuit court to have the judgment revived, and on June 18, 1892, the judgment was revived in the name of E. B. Guild, administrator of the estate of Charles Dunn, deceased, and issue of an order of sale thereon stayed for six months from said

date.   In December, 1892, the clerk of the circuit court certified said judgment to the district court of said county.   The estate of Charles Dunn was insolvent.   The personal property belonging thereto was sold under order of the probate court for $1500, which sum constituted all the assets of the estate, the interest in the real estate having been previously sold for the sum of $1500, and said sum applied to the partial payment of plaintiff in error's judgment.   In October, 1894, E. B. Guild resigned as administrator of the estate, and A. D. Robbins became his successor, and in May, 1895, the aforesaid judgment against Charles Dunn was revived in the district court against the said A. D. Robbins, administrator of his estate. Claims were allowed in the probate court against said estate to the amount of over $10,000, and no part thereof has been paid.   On May 11, 1897, Eugene Wolfe, the then owner of the judgment rendered in favor of E. A. M. Smith, filed in the probate court of Shawnee county his petition, praying for the apportionment of the sum arising from said sale of personal property among the creditors of the estate, and that he be adjudged to be entitled to payment without reference to classification, except that the demands for the funeral expenses, wages of servants, the demands for medicine and medical attendance during the last sickness and the legitimate and proper expense of administration might have precedence thereof.   Upon the hearing of the petition, on June 16, 1897, the probate court reclassified said demand of Eugene Wolfe, and reclassed said claim as a claim of the sixth class, and directed the administrator to apportion the money in his hands among the creditors of the estate according to the classification aforesaid.

From this order an appeal was taken to the district

court, wherein said court held, as conclusions of law : (1) That the demand and claim of the appellant are not such as to entitle him to payment thereof out of the funds now in the hands of the administrator, without reference to classification, except as to the class of demands mentioned in the first and second subdivisions of section 80 of the executors' and administrators' act ; (2) that the original allowance and classification of said judgment and claim by the probate court as a claim of the fifth class is a final adjudication with respect to the amount and order of payment of said claim. The matter is brought here on a petition in error, for review.

The contention of the plaintiff in error is that the probate and the district courts erred in refusing the application of said Eugene Wolfe to have his judgment claim paid without reference to classification, the contention being that, under the fourth subdivision of section 80, chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2768), said plaintiff in error was entitled to have his judgment paid without reference to classification, except that the class of demands mentioned in the first and second subdivisions of said section should have precedence of said judgment. The defendant in error contends, first, that the district court had no jurisdiction to hear the case, from the fact that no bond was given. The district court found otherwise. Complaint is also made that no bill of exceptions was filed in the case so as to become a part of the record thereof. This was not necessary. There is sufficient in the record to enable this court to decide upon the correctness of the conclusion of law of the trial court.

The next question is : Was the original allowance and classification of said judgment claim by the probate court as a claim of the fifth class a final adjudi-

cation with respect to the order of the payment thereof? This seems to be answered in the affirmative by the supreme court of this state in *Wolfley v. McPherson*, 61 Kan. 492, 59 Pac. 1054. But it is claimed that, under the fourth subdivision of section 80, chapter 107, General Statutes of 1897 (Gen. Stat. 1899, § 2768), this judgment should be paid without reference to classification, except as to the first- and second-class claims. Said subdivision reads as follows : "Fourth, judgments rendered against the deceased in his lifetime ; but if any such judgments shall be liens upon the real estate of the deceased, and the estate shall be insolvent, such judgments as are liens upon the real estate shall be paid without reference to classification, except the classes of demands mentioned in the first and second subdivisions of this section shall have precedence of such judgments." It seems to us that this must be construed to mean that where a judgment is a lien upon real estate, to the extent of such lien it may be paid without reference to classification. It was held, in *Mendenhall v. Burnette*, 58 Kan. 355, 49 Pac. 93, that after revivor an execution could be issued on such a judgment against the lands bound by the lien without resort to the probate court, but that execution could not be levied on personalty or on lands not subject to judgment lien. The legislature evidently intended to give to the judgment creditor the same rights through the probate court that he has without resorting to that court, in the enforcement of his lien, and the same rights as other judgment creditors for the recovery of the deficiency.

The judgment of the district court is affirmed.