HANLEY, etc., Appellant, v. HOLTON, Respondent.

St. Louis Court of Appeals, July 9, 1906.

1. **ADMINISTRATION: Appeals: Final Decision.** The order of a probate court denying the motion of an administrator *pendente lite* to require his predecessor, the suspended executrix, to make a settlement, was a "final decision of the matter" within the meaning of section 278, Revised Statutes of 1899, and an appeal from such order would lie to the circuit court.

2. ———: ———: **Motion to Dismiss Appeal.** Where the circuit court sustained a motion to dismiss an appeal from an order made by the probate court, the appellate court cannot examine the merits of the cause. Its function is limited to an ascertainment whether the appeal would lie in the case from the probate court and whether the appeal had been regularly perfected.

3. ———: ———: ———: **Consideration of Merits.** But where, in such case on a hearing of the motion to dismiss, the parties submitted all the facts affecting the merits of the case and at the conclusion the court announced that it would consider the "whole matter" and thereupon sustained the motion to dismiss the appeal, the judgment will be regarded as a judgment upon the merits and will be reviewed upon its merits in the appellate court, although, there was technical error in considering the cause on its merits, there being no objection or exception to that mode of proceeding. (Section 865, Revised Statutes 1899.)

4. ———: ———: **Judgment: Conclusiveness of Recital.** The recital in the judgment that the appeal was dismissed is not conclusive that it was a judgment of dismissal where the bill of exceptions shows that the cause was determined on its merits.

5. ———: **Executors and Administrators: Accounting with Successor.** Where an executrix qualified as such, but her letters were recalled on account of a contest of the will pending in the circuit court and an administrator *pendente lite* appointed, before she had taken charge of any part of the estate or made any inventory, a motion would not lie by the administrator in charge to compel her to settle, under sections 47 and 48, Revised Statutes of 1899.

6. ———: ———: ———: **Discovery of Assets.** If such executrix had any property in her hands belonging to the estate, she held it as an individual and not as an executrix and the proper proceeding was one to discover assets, under sections 74 to 78, Revised Statutes 1899.

Appeal from St. Louis Circuit Court.—*Hon. Robert M. Foster,* Judge.

AFFIRMED.

*Henderson & Trigg* and *H. Chouteau Dyer* for appellant.

(1) From the judgment of the probate court overruling the motion of the plaintiff, the administrator *pendente lite,* to require the defendant, the executrix, to file her account with the court, and turn over the assets of the estate to the administrator *pendente lite,* the right of appeal to the circuit court is conferred. R. S. 1899, sec. 278; R. S. 1899, sec. 1674; McCrary v. Menteer, 58 Mo. 446; McGee v. Thompson's Admr., 39 Mo. 514; Donaldson v. Lewis, 7 Mo. App. 403. (2) Therefore, the dismissal of the appeal of the administrator *pendente lite* was erroneous. On the motion to dismiss, the scope of inquiry in the circuit court was limited and confined wholly to an ascertainment, (1) of whether a right of appeal existed, and (2) whether

the appeal had been regularly taken and perfected. Questions, therefore, which affected the merits could not be considered, as they constitute grounds for reversal or affirmance only. 2 Ency. of Pl. & Pr., pp. 346, 347; Parker v. State (Tex. Cr. App.), 21 S. W. 370.

*George D. Reynolds* and *George V. Reynolds* for respondent.

(1) Section 48, R. S. 1899, on which this case is based, does not apply to one whose letters are suspended merely, and not revoked. If the plaintiff has any right or remedy as against defendant, it is under sections 74-77, R. S. 1899. (2) A refusal of the court to proceed under section 48 cannot be reached by appeal, but, if at all subject to review, must be reached by mandamus or certiorari. State ex rel. v. Moehlenkamp, 133 Mo. 134. (3) The appeal is not within the terms of section 278, R. S. 1899, and is not covered by the fifteenth subdivision of that section. Railroad v. St. Louis, 92 Mo. 160; 2 Woerner, Am. Law Admr., p. 1196, sec. 545. (4) No exceptions were taken or saved in that court to the action of the circuit court in hearing the whole case. They cannot be made here. R. S. 1899, section 864. (5) Under the facts in evidence in this case, to order a settlement would have been a mere idle settlement—for the executrix named in the will was never in charge of the estate, as such — and courts do not lend aid to mere idle proceedings. Lamb's Admr. v. Helm's Admr., 56 Mo. 431; Richardson v. Cole, 160 Mo. 372; R. S. 1899, section 865. (6) The circuit court heard the whole case along with the motion dismissing the appeal, and its action, even if informal, is correct. R. S. 1899, section 672.

STATEMENT.—This proceeding originated in the probate court of the city of St. Louis. The following facts appear in the bill of exceptions. The defendant, Lillian M. Holton, was nominated in the alleged will

of Edward K. Holton, deceased, as executrix thereof, and after said will was admitted to probate in said court, qualified to that office. Letters executory were duly issued to her on December 11, 1902, and on the same day, it having been made to appear to the probate court that a suit had been filed in the circuit court contesting the validity of such will, the probate court recalled said letters, suspended further proceedings thereunder, and thereupon appointed Joseph L. Hanley administrator *pendente lite* in accordance with the provisions of section thirteen of the administration law, R. S. 1899. The defendant made no move toward taking charge of the estate other than qualifying as executrix under the will. She made no inventory, nor did she otherwise take any steps under the statute looking to the collection and preservation of the estate. In no manner did she take possession of or charge herself with any of the property thereof. This was not occasioned by neglect on her part, however, but resulted from the fact that her letters were revoked or recalled on the same day and about the same hour they were issued and she had qualified thereunder. The plaintiff, upon being appointed and qualifying as administrator *pendente lite,* proceeded at once to take charge of the estate, inventoried the same, etc., and took such other steps as were necessary under the administration law for an original administration. The administrator *pendente lite* did not require an accounting from his predecessor, the suspended executrix, but at once made an inventory, published notice, etc., as if he were the original administrator, wholly ignoring the fact that the executrix had qualified and had been suspended. This resulted, of course, from the fact that it was well known to all parties concerned that his predecessor had taken no steps with respect to the estate other than merely qualifying to the office of administratrix. The inventory filed by the administrator *pendente lite* purports to be an in-

ventory of "all of the real and personal estate of Edward
K. Holton, deceased." The property is described in de-
tail, and no reference is made to any prior administra-
tion. In truth, the proceedings show that all parties
viewed the matter and conducted themselves as though
nothing had been done under the nomination of the ad-
ministratrix in the will. Some months afterwards, in
May, 1903, the plaintiff administrator *pendente lite*
moved the probate court to compel the defendant, as
such suspended executrix, to make a settlement as is
provided in sections forty-seven and forty-eight, R. S.
1899, to the end that the court might ascertain the
amount of money and all other property of the deceased
in her hands as such executrix, or that came into her
hands and remained unaccounted for up to the time of
her suspension, and enforce a settlement thereof with
the administrator *pendente lite*. The defendant was
cited to appear, which she did, and upon a hearing, the
court denied such motion, holding in effect that she, hav-
ing failed to take any steps under her appointment as
executrix toward taking possession of the property of
the estate, there was nothing for her to settle, and that if
she had any property in her possession belonging to the
estate, it did not appear in any inventory or other rec-
ord of the probate court and the proper remedy to as-
certain such fact would be a proceeding to discover as-
sets under sections seventy-four to seventy-eight, R. S.
1899. From this ruling of the probate court the plain-
tiff administrator *pendente lite* appealed to the circuit
court. In that court the defendant moved a dismissal
of the appeal, insisting, first, that the case was not ap-
pealable; second, that the circuit court had no jurisdic-
tion of the appeal; and third, that the appeal was not
authorized by statute. The bill of exceptions shows that
when this motion came on for hearing in the circuit
court, the facts as above set out were "in evidence or
agreed to in addition to the record proper," and that

"at the conclusion of the hearing of the motion before the circuit court, the court announced that it would consider the whole matter, whereupon said motion to dismiss said appeal was taken under advisement by the court until, to-wit, June 29, 1904 — at which time the court sustained said motion and dismissed said appeal." The judgment of the circuit court is to the effect that the appeal be dismissed. Plaintiff administrator *pendente lite,* appeals to this court.

NORTONI, J. (after stating the facts.)—1. Notwithstanding the recital in the bill of exceptions to the effect that the circuit court heard the whole case and "announced that it would consider the whole matter" in disposing of the motion to dismiss the appeal, appellant insists that the motion to dismiss said appeal only was adjudicated by said court, as appears by its judgment, which recites that said appeal was dismissed, etc. It is urged that the case was a proper subject of appeal from the probate to the circuit court and we are persuaded that this proposition is true. Section 278, R. S. 1899, providing for appeals from the probate court, enumerates a number of cases in which the same may be had and then concludes as follows: "and in all cases where there shall be a final decision of any matter arising under the provision of this chapter." Now under this provision, it is obvious that if the order of the probate court in denying the motion of the administrator *pendente lite* to require the suspended executrix to make a settlement was a final decision of the matter, then the appeal therefrom was authorized by the general provisions quoted. There can be no doubt that such order denying the motion was a final determination and decision so far as that matter was concerned. The probate court, for reasons which appeared to be sufficient to it, adjudged and determined that there was no cause for ordering such accounting, and this was a final decision of that question thus presented. It is true another and

different application could have been made under the statute, sections 74-78, R. S. 1899, pertaining to the discovery of assets, but that is a different and distinct proceeding and cannot influence the question here involved. The question presented was finally decided by the court and an appeal from such final determination is contemplated and provided for in the language and spirit of the statute supra. [McCrary v. Menteer, 58 Mo. 446; McGee v. Thompson's Admr., 39 Mo. 514; Donaldson v. Lewis, 7 Mo. App. 403.] And it appears quite clear that if this were the only question before the circuit court, it should have overruled the motion to dismiss the appeal, entertained jurisdiction of the cause, and proceeded to its final determination. The defendant insists, however, that the court did do this and heard the "whole case," even though a hearing was had on the motion to dismiss, and the judgment shows that the case was dismissed; that in truth and in fact, as appears from the bill of exceptions, the court considered the whole case and disposed of it accordingly; that the judgment of dismissal on motion to dismiss is a mere informality in view of the proceedings and on which the judgment is rested. Now it is argued contra to this on the part of the plaintiff that such proceeding is in conflict with the idea of a motion to dismiss, etc. The proposition advanced is that a motion to dismiss an appeal in effect requests the appellate court to refuse an examination of the merits of the cause and that questions therefore which affect the merits will not be considered by the appellate court on such motion, as they are grounds for a reversal or affirmance of the judgment; that the inquiry on such motion in the very nature of the proposition involved, is limited to an ascertainment whether the appeal will lie in the case and whether it has been regularly perfected. Upon principle the propositions are true in the science of the law and our views fully concur therewith. [2 Ency. Pl. & Pr. 346-347; Par-

ker v. State (Tex.), 21 S. W. 370. See also McCrary v. Manteer, 58 Mo. 446.]

The record before the court, however, in this case, removes it from within the influence of the principle contended for. It is true on principle that a motion to dismiss and a judgment of dismissal are not entirely harmonious with the idea of a hearing and judgment on the merits, and if this were the only question here presented, we would be compelled to reverse the judgment. But the parties may, if they see fit, so shape the facts and produce such a situation before the court on a simple motion to dismiss as will render abstract principles pertinent to such questions entirely inapplicable. And so it is here; for while the court heard the motion, and, as appears by the recitals of its judgment, disposed of the case thereon, it also appears by the bill of exceptions, a record of equal solemnity and force in this court, that the court heard the "whole matter" on said motion and that the parties, without objection or exception, developed before the court all of the facts set out in the statement supra. The bill recites that all of these facts were "in evidence or agreed to in addition to the record proper" and that "at the conclusion of the hearing of the motion before the circuit court, the court announced that it would consider the whole matter, whereupon said motion to dismiss said appeal was sustained" and the appeal dismissed. There appears in the bill to have been no objection or exception to this mode of proceeding which no doubt was technically erroneous. In fact from what appears in the bill of exceptions, it is manifest that appellant's counsel participated therein and "agreed" at least to the principal facts in the record, and no exception was saved by him to any action of the court other than the dismissal of the appeal. From all of this, it is manifest that while the court entered up its judgment as one of dismissal, it in truth disposed of the case and rested its action in that behalf upon

a consideration of the merits as well. In view of this showing in the record before us, it becomes our duty to re-examine the case upon the same theory as that chosen by counsel and pursued by the trial court in order that the same matters may be determined here that were in judgment there, and that equal and exact justice may be done to both the parties and the court on the case made below. And especially is this true in view of our statute, section 865, R. S. 1899, which provides as follows:

"The Supreme Court, or courts of appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action."

This legislative command upon the courts requires that the judgment in this case shall not be reversed unless the appellate court believes that error has been committed against appellant which materially affected the merits of the action. Now, notwithstanding the ruling on the motion to dismiss, if it appears upon the merits that the result reached by the trial court was a determination ultimately right between the parties, then it is the duty of this court to affirm the judgment. It is therefore important to ascertain the merits of the appellant's case. Prior to an examination in that behalf, however, we will dispose of one other thought suggested by appellant, and that is, that the judgment in this case, is conclusive, etc., notwithstanding the facts recited in the bill of exceptions. The judgment recites the appeal was dismissed. It is insisted that this recital precludes the notion that the circuit court disposed of the case on the merits. Now it is demonstrated beyond peradventure that the parties went into the merits and that the court considered the whole matter in disposing of the case. The matter being in this posture, we

are confronted with section 672, R. S. 1899, which provides among other things, that no judgment shall be "reversed, impaired or in any way affected — for any informality in entering the judgment or making up the record thereon." Under the liberal provisions of this statute, it is the duty of this court, if it finds upon examination that plaintiff's claim is without merit, and that the result reached by the trial court is right on the merits of the case, to entirely ignore the wording of the judgment mentioned and affirm the action of the court below, even though there be technical error therein. This being the state of the law, we will proceed to the merits of the controversy.

2. As stated, Mrs. Holton was nominated by the proposed will as executrix and qualified as such in the probate court. On the same day and about the same hour, her letters of authority were recalled and she was suspended because of the contest of the will. She had not taken charge of the estate nor any part thereof nor had she inventoried or charged herself therewith, nor attempted to do so. In view of the contest of the will, the plaintiff administrator *pendente lite* was appointed under section 13, R. S. 1899, and proceeded as original administrator to inventory and administer the estate. He afterwards no doubt conceived the notion that Mrs. Holton had certain property in her possession which rightfully belonged to the estate, and therefore sought to proceed under sections 47 and 48 to compel her as an outgoing executrix whose letters had been revoked, to settle with him as administrator in charge and turn over such property. Waiving the question, which is entirely unimportant in the view we entertain whether the letters had been revoked within the meaning of that statute or only suspended (and we see no reason why they should not be considered in this case as revoked), the purpose of these statutes is obvious. They are to enjoin upon the administrator or executor who has come

into possession of property of the estate in virtue of his or her office, to account for the same to his successor in event of his or her resignation, or of letters being revoked, etc. They certainly have no application to a party who does not come into possession of property by virtue of the office mentioned. By a careful reading of the sections, it is clear that they contemplate a settlement by the outgoing executor or administrator with his successor in office for the property, etc., of "every kind of the testator or intestate in the hands of such executor or administrator." We understand from this that it is such property as came into the hands of the outgoing officer of the court in virtue of his or her office. The statutes, secs. 74-78, provide a scheme for discovering assets in the hands of one who is in possession of property otherwise than administrator or executor, and in view of the fact that both the record and facts before the court showed conclusively that this defendant never at any time came into possession of any property of the estate as such executrix, she certainly could not be held to account therefor under section 47 and 48 as executrix, which confine their application to one holding property or having in possession property in virtue of the office and trust conferred by the court. If, as intimated, there was property in the hands of the defendant, which belonged to the estate, it is apparent that she did not obtain possession of the same as executrix, but obtained it, or held it, if at all wrongfully, and the remedy against her is identical with that against any other person under like circumstances. She should be cited in a proceeding to discover assets under section 74-78, etc. Why the administrator *pendente lite* seeks to proceed under sections 47 and 48 rather than for the discovery of assets, under sections 74-78, seems somewhat difficult to understand unless it be that he is of opinion that she could be called upon to account under these statutes for prop-

erty she never received as executrix and charged therewith, and in event of her failure to comply with the order of the court in that behalf, such charge might be fixed thereby against her bond, in event she executed a bond, or confronted with a criminal prosecution for embezzlement. Whatever the purpose is, it is immaterial here. The decisive question with which the court is concerned, succinctly stated amounts to this; that it is not the mere appointment and qualification of the executrix which renders her liable to account under this statute, but, on the contrary, it is the fact that as such executrix she has become possessed of property of the estate which affixes upon her the obligation to account to her successor under sections 47 and 48, and in event she fails to do so, authorizes the court to enforce the same. Notwithstanding the technical error mentioned in the judgment of the court, the result reached was ultimately right between the parties and we are unable to believe that error was committed by such court against the appellant materially affecting the merits of the action. The disposition of the case, as made by the learned trial judge upon the facts which appear in the bill of exceptions, was entirely proper, wherefore the judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.