CORA DOBSON, *Appellant,* V. J. E. HOLMES, *as Adminis-trator, etc., Appellee.*

No. 16,693.

SYLLABUS BY THE COURT.

JUDGMENTS—*Appealable Orders—Decision of Probate Court—Additional Inventory.* A decision of a probate court denying the application of an interested party for an order requiring the administrator to make an additional inventory of property claimed to belong to the estate, but omitted from the inventory on file, is a final decision of a matter arising under the jurisdiction of that court, and an appeal may be taken therefrom.

Appeal from Barber district court. Opinion filed December 10, 1910. Reversed.

*G. M. Martin,* and *A. M. Appelget,* for the appellant.
*A. L. Noble,* and *J. N. Tincher,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The district court dismissed an appeal from the following decision of the probate court, holding that it was not an appealable order:

"The above matter came on for hearing upon the affidavit of Cora Dobson, the widow, . . . and upon the administrator's oral answer to the court's citation, which said answer was under oath. . . . And the court, having heard the evidence, . . . does hereby overrule the said motion and affidavit of the said Cora Dobson, and holds that said property, to wit, the horse and wagon, are not the property of the said estate, and that they have not been converted by the administrator to his own use, and the court further finds that the gross appraisement of the stock of merchandise and fixtures that came into the hands of the administrator were not at the time of greater value than $1450, as shown by the aggregate inventory filed herein by the administrator on the 21st day of January, A. D. 1909. It is ordered that the administrator make no further accounting to the estate and to the heirs of the said estate than as herein already made, except for such

other property as may hereafter come to his hands, as is provided by law."

The citation referred to was issued upon an affidavit charging that certain property belonging to the estate and described therein had been omitted from the inventory, and that other property mentioned therein had not been properly inventoried, and asking that the administrator be required to appear and answer such questions as might be asked touching the effects of the decedent and the disposition made of them.

The proceeding was treated by the probate court and the parties as an application for an order requiring the administrator to return an additional inventory of the property described in the affidavit, and will be so considered here. The order denied the application. If it is a final decision within the meaning of the statute the appeal should not have been dismissed. The statute provides that appeals may be taken "where there shall be a final decision of any matter arising under the jurisdiction of the probate court, except in cases of habeas corpus and injunction." (Gen. Stat. 1868, ch. 37, § 188, Gen. Stat. 1909, § 3624.)

It is contended that the decision was not final because the title to the property in question could not be finally determined in that proceeding. But this is not the test of a "final decision," as that term is used in the statute. It was said in *Hartwig v. Flynn,* 79 Kan. 595, upon which the appellee seems to rely, that "the probate court . . . has jurisdiction incidentally to determine the title to property apparently belonging to the estate but to which the administrator or some third party makes claim, but such determination is merely for the purpose of facilitating the orderly progress of business in that court, and does not determine the ultimate rights of the parties." (p. 600.)

Original jurisdiction is vested in probate courts to determine what property should be placed upon an inventory—if that authority did not exist orderly admin-

istration would be obstructed; but such determination is not a final adjudication of the title to the property as against adverse claimants. The inventory furnishes the basis upon which the administrator must account. If the title to any of the property so inventoried is shown to be in another the administrator may have a proper credit for its value. If other property comes to his hands he may be charged therewith upon an additional inventory.

It was held in *Swayze, Adm'x, v. Wade,* 25 Kan. 551, that an order withdrawing property from an inventory on the ground that it was exempt from the payment of debts of the decedent was a decision from which an appeal could be taken. The court said:

"The appeal was taken from the order making an allowance to the widow of the sum of $2340.57, absolutely for the use of herself and children. By the terms of the order this sum was withdrawn from the assets of the estate as property exempt by law from the payment of any of the debts of the deceased, and the administratrix was allowed credit for such sum. . . . Therefore, as the order appealed from was in the nature of an allowance to the widow, and a final decision of the probate court, the appeal was properly taken, and the district court rightly denied the motion to dismiss the action." (pp. 557, 558.)

In *Wolfley v. McPherson,* 61 Kan. 492, it was held that an order classifying a demand allowed against an estate is a decision, and that a subsequent order vacating such classification is likewise a decision from which an appeal may be taken.

In a proceeding in a probate court in Missouri, commenced by an administrator of the estate of a deceased partner, in which the surviving partner was cited to show cause why he should not turn over certain property to the administrator, it was held that an order denying the relief prayed for was appealable. The court said:

"We think the concluding clause of the first section

Dobson v. Holmes.

of the eighth article of our administration law, which allows an appeal 'in all cases where there shall be a final decision of any matter arising under the provisions of this law,' is sufficiently broad to allow the appeal in this case. The decree was final, so far as the citation was concerned, and, although its results did not prevent the institution and prosecution of other proceedings in the probate court, the judgment of the probate court was final as to the one instituted." (*McCrary, Adm'r, v. Menteer,* 58 Mo. 446, 447.)

In the same state it is held that an appeal lies from a final order of a probate court made in a proceeding against a party charged with concealing or embezzling the property of the estate of a deceased person, under a statute allowing an appeal, "where there shall be a final decision of any matter arising under the provisions of this law" — the act relating to administrators. (*Ruff v. Doyle, Adm'x of Doyle,* 56 Mo. 301, 303.) An appeal was taken in this state in such a proceeding (under Gen. Stat. 1868, ch. 37, §§ 196-200, Gen. Stat. 1909, §§ 3632-3636), and the judgment was reviewed in this court, but the question whether the order was appealable was not presented. (*Vaughan v. Brown,* 81 Kan. 1.) Titles, however, are not finally adjudicated in a proceeding under this statute. (*Humbarger v. Humbarger,* 72 Kan. 412; *In re Moran,* post.)

The word "decision," used in this statute, is one of broader signification than "judgment." (*Wolfley v. McPherson,* 61 Kan. 492.) An order which disposes of property the subject matter of an action or proceeding in which it is made, so far as the court which made it is concerned, is a final order, although the title to such property may be litigated in some other action or proceeding. In discussing the meaning of the term "a final judgment or decree," used in the federal judiciary act providing for a review of the judgments of state courts, Mr. Chief Justice Marshall, speaking of a judgment denying a writ of prohibition, said:

"We think also that it was a final judgment in the

sense in which that term is used in the twenty-fifth section of the judicial act. If it were applicable to those judgments and decrees only in which the right was finally decided, and could never again be litigated between the parties, the provisions of the section would be confined within much narrower limits than the words import, or than congress could have intended." (*Weston et al. v. The City Council of Charleston*, 27 U. S. [2 Pet.] 449, 464.)

The effect of the order made by the probate court was to deprive the estate, for the purpose of administration, of property which interested parties claimed belonged to it. The proceeding was one within the jurisdiction of the probate court. It involved property of substantial value, and the decision marked the end of the proceeding. If it be possible, as suggested, that by some other proceeding by creditors or heirs the claim can be again asserted and litigated, it does not change the nature of the order which judicially determined that the administrator should not be charged with the property in question. It was therefore an appealable order. (*Barry v. Briggs*, 22 Mich. 201; *Lalande v. McDonald*, 2 Idaho, 283; *Belt v. Davis*, 1 Cal. 134; *Martin v. Martin*, 170 Ill. 18.)

The judgment is reversed and the cause remanded, with directions to deny the motion to dismiss and to hear the appeal.