# In re ESTATE OF PETER ROONEY; JOHN A. HYDE, Administrator, Appellant.

### St. Louis Court of Appeals, February 6, 1912.

1. **APPEALS: From Probate Courts: Statutory Right.** The right of appeal is purely statutory, and hence an appeal will not lie from the probate to the circuit court, unless it is authorized by statute.

2. ————: ————: **Statute Construed.** Section 3956, Revised Statutes 1909, which provides that circuit courts shall have jurisdiction in certain instances—among others, in appeals from judgments and orders of the probate court in all cases not expressly prohibited by law—merely confers appellate jurisdiction on the circuit court of such appeals from the probate court as are not expressly prohibited by law and are otherwise authorized.

3. ————: ————: **Statute Construed: Executors and Administrators.** The fifteenth subdivision of section 289, Revised Statutes 1909, which authorizes an appeal in all cases not enumerated in the preceding subdivisions of the section, where there shall be a final decision of any matter arising under the provisions of articles I to XIII, inclusive, of the chapter on Administration, authorizes an appeal only from a final decision of the probate court.

4. **EXECUTORS AND ADMINISTRATORS: Appeals: Appealable Orders.** Where an administrator does not resign or make a final settlement of the estate, but moves his final discharge on the ground he has disposed of all the assets in accordance with a gift *causa mortis* made by his intestate, an appeal by him will not lie to the circuit court from an order of the probate court denying his motion; there being no statute authorizing such an appeal.

5. ————: **Right to Discharge.** The right of an administrator to be discharged after he has performed his duties and made a final settlement is necessarily implied, though not expressly provided for by statute.

Appeal from St. Louis City Circuit Court.—*Hon. Edwin W. Lee,* Judge.

AFFIRMED.

*Henry Rowe* and *Thos. J. Rowe, Jr.,* for appellant.

(1) The appeal was properly allowed under the provisions of section 289, Revised Statutes 1909. (2) The jurisdiction of the circuit court to entertain the appeal herein is conclusively established by section 3956, subdivision 4, Revised Statutes 1909.

*Clarence T. Case* and *Oliver DeWerthen* for respondent.

The appellate jurisdiction of circuit courts is not derived from section 3956, Revised Statutes 1909. Kenrick v. Cole, 46 Mo. 85; 2 Woerner on Administration, sec. 543.

NORTONI, J.—On motion, the circuit court dismissed appellants' appeal from the probate court, and from this judgment the present appeal is prosecuted.

The question for decision relates alone to the right of an administrator to appeal to the circuit court from a ruling of the probate court denying his discharge, when it does not appear the administrator had resigned or made a settlement of the estate in the probate court.

The record before us is meager, and it is difficult to ascertain therefrom the status of the estate, in the probate court, of which appellant is administrator. Enough appears, however, to show that appellant is the administrator of the estate of Peter Rooney, deceased, for so much is conceded throughout. As such administrator, appellant filed his motion in the probate court praying that court to discharge him, for the reason that his intestate, Peter Rooney, had, prior to his death, through executing a power of attorney for that purpose, made a gift *causa mortis* of his entire estate to his brother, Andrew Rooney. The motion recites that the administrator had executed this power of attorney according to its tenor and, therefore,

moved the probate court to discharge him as administrator. From this we understand that the administrator had, without authority of the probate court whatever, turned over all of the property of the estate to a brother of the deceased under a power of attorney executed by the intestate in his lifetime and because of this he sought to be discharged as administrator, though he had neither resigned that office nor made settlement of the estate in accordance with the statute. The probate court overruled the administrator's motion for such discharge, and from this ruling he prosecuted an appeal to the circuit court. On the motion of persons interested in the estate of Rooney, deceased, the circuit court dismissed the appeal of the administrator as not authorized by the statute.

It is urged that, though the right of appeal here is not afforded under any one of the first fourteen provisions enumerated in section 289, Revised Statutes 1909, pertaining to appeals from the probate to the circuit court, it is authorized under the fifteenth, or general provision of that section, when considered together with section 3956, Revised Statutes 1909, for it is said that statute authorizes appeals from the probate court in all cases not expressly prohibited by law. The right of appeal is purely statutory and there can be no doubt that an appeal will not lie from the probate to the circuit court, unless it is authorized by the statute. [See 2 Woerner's Law of Administration (2 Ed.), sec. 543.] Section 289, Revised Statutes 1909, which is parcel of our statutes on administration, enumerates fourteen specific instances in which an appeal from the probate to the circuit court may be prosecuted, and then provides, as a fifteenth subdivision, in more general terms, to the effect that appeals may be prosecuted "in all other cases where there shall be a final decision of any matter arising under the provisions of articles I to XIII, inclusive,

of this chapter." It is conceded here that the present appeal from the probate to the circuit court is not authorized by any one of the first fourteen provisions of section 289, and we perceive nothing in the general provision above quoted which confers the right, for there is involved here no final decision of any matter arising under the provisions of articles I to XIII of the chapter on Administration. The provisions of section 3956, Revised Statutes 1909, to the effect that the circuit court shall have appellate jurisdiction from judgments and orders of the probate court in all cases not expressly prohibited by law, contributes nothing to the right of appeal here, for such is not the purpose of that statute. Instead of granting a right of appeal in any particular case, that statute purports only to confer power and jurisdiction upon the circuit court to hear and determine appeals properly before it from the probate court in cases not prohibited by law. This section certainly does not intend that every order or judgment of the probate court not expressly prohibited is appealable. The section reads, "The circuit courts in the respective counties in which they may be held shall have power and jurisdiction as follows:" It then proceeds to enumerate certain instances in which that court shall have power and jurisdiction to determine matters which may be appealed to it under other statutes. Under the fourth subdivision thereof, it is provided that the circuit court shall have appellate jurisdiction from the judgments and orders of the probate courts in all cases not expressly prohibited by law and that it shall possess a superintending control over them, etc. As the right of appeal is purely statutory, and none may be prosecuted unless the statute authorizes it, it is clear enough that section 3956 intends no more than to confer appellate jurisdiction on the circuit court in respect of such appeals from the probate court as are not

expressly prohibited by law and are otherwise authorized.

By the fifteenth, or general clause of section 289, under which it is said the present appeal may be sustained, appeals are authorized in all other cases not theretofore enumerated where there shall be a final decision of any matter arising under the provisions of articles I to XIII, inclusive, of the chapter on Administration. This provision does not purport to authorize an appeal in every instance but only where a final decision has been had in the probate court on a matter arising under the provisions of articles I to XIII of the administration law. Where a final decision has been given by the probate court on a matter arising under the administration law, an appeal may be prosecuted therefrom, though it is not expressly authorized under the fourteen subdivisions of the statute theretofore recited. Such was our ruling in Hanley v. Holton, 120 Mo. App. 393, 96 S. W. 691. In the instant case, appellant as administrator had possession of the estate of the intestate, Rooney, and, as we understand the record, he turned over the possession of the entire property to Andrew Rooney, brother of deceased, and this, too, without any authority whatever from the probate court. It would seem from this that the administrator had undertaken to determine the whole matter according to his own judgment in the premises and not according to that of the court of which he was an officer. Having determined it, as he thought rightly, and given the property to Andrew Rooney, in obedience to a power of attorney made by the intestate in his lifetime, without any heed whatever to the rights of creditors, he insisted upon his right of discharge, and this, too, without having resigned his office or made a settlement. The administration statutes provide that an administrator may resign, but nothing of that kind appears here, and we are not called upon to determine

whether an appeal would lie from a refusal of the probate court to discharge him after a resignation was effected. We find no express provision authorizing the discharge of an administrator under any circumstances, but, of course, the right to a discharge is necessarily implied after final settlement and all of his duties are performed. No such right of discharge is involved here, however, for the reason it does not appear that the administrator had made any settlement, and, if he had, the second subdivision of section 289 authorizes an appeal on all settlements of executors and administrators. Had the court refused to give proper credits to the administrator on his final settlement, an appeal would, of course, lie at his instance to the circuit court. But here no settlement was made. This being true, was the overruling by the probate court of his motion for discharge a final decision of a matter arising under the provisions of articles I to XIII of the chapter? It is clear enough that the provisions referred to do not authorize the probate court to even consider the matter of discharging an administrator in the circumstances here disclosed without making a settlement of the estate required by the statutes. Had the administrator desired an adjudication from which an appeal would lie, he should have made his final settlement and appealed from the judgment of the court on that matter if it were an adverse one, for such is the orderly course marked out and contemplated by the statutes.

The judgment dismissing the appeal should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.